Present:  All the Justices

GEORGIA-PACIFIC CORPORATION

OPINION BY JUSTICE A. CHRISTIAN COMPTON

v.   Record No. 970867          February 27, 1998

CLAUDE F. DANCY

FROM THE COURT OF APPEALS OF VIRGINIA

Code § 65.2-503 of the Virginia Workers' Compensation Act generally deals with compensation for permanent loss.  It provides that compensation shall be awarded pursuant to Code § 65.2-500 for permanent and total incapacity when there is: "Loss of both hands, both arms, both feet, both legs, both eyes, or any two thereof in the same accident. . . ."  § 65.2-503(C)(1).  The statute further provides that:  "In construing this section, the permanent loss of the use of a member shall be equivalent to the loss of such member . . . ."  § 65.2-503(D).  Code § 65.2-500 measures the compensation for total disability.

The issue we decide is whether the Court of Appeals erred in affirming a ruling of the Workers' Compensation Commission. The Commission determined the claimant was entitled to compensation for permanent and total incapacity when the evidence showed that the claimant suffers a permanent injury to both legs and that "the combination of the two leg injuries renders him unemployable."  We hold the Court of Appeals did not err and will affirm.

Appellee Claude F. Dancy, the claimant, sustained serious, compensable injuries in an industrial accident on May 20, 1985 in Jarratt on the premises of his employer, appellant Georgia-Pacific Corporation. The claimant, age 38 at the time, was crushed under falling lumber. He sustained extensive fractures of both legs, injuries to both knees, and damage to his left hip, foot, and ankle. Subsequently, the self-insured employer paid the claimant under several awards entered by the Commission for temporary total and permanent partial disability. See Georgia Pacific Corp. v. Dancy, 17 Va. App. 128, 435 S.E.2d 898 (1993), in which the Court of Appeals affirmed the Commission's award of temporary total disability benefits based on claimant's June 1991 application.

In July 1994, the claimant filed an application with the Commission alleging a change of condition and sought an award for permanent total disability under Code § 65.2-503(C). At the subsequent hearing on the application before a deputy commissioner, the evidence showed that claimant "continued to suffer" from a 100% disability to his left leg and a 15% disability to his right leg as a result of the industrial accident. The deputy concluded from the evidence that the claimant "cannot use his legs in gainful employment." Based on these findings, the deputy entered an award for compensation for permanent total disability from December 19, 1994 at the rate of

2

$295.00 per week with medical benefits to "continue for as long as necessary."

Upon review, the full Commission affirmed the deputy. Interpreting Code § 65.2-503(C)(1), the Commission found "that the claimant suffers a permanent injury to his right leg, albeit less serious than the left, and that the combination of the two leg injuries renders him unemployable." The Commission said "the claimant has no marketable capacity for employment that would require use of his legs, i.e., that he cannot use his legs in gainful employment."

Upon appeal, a panel of the Court of Appeals unanimously affirmed the Commission's award. Georgia-Pacific Corp. v. Dancy, 24 Va. App. 430, 482 S.E.2d 867 (1997). The Court of Appeals, answering the employer's argument, said the Commission "was not required to make separate findings that each leg is unusable in employment." Rather, the Court of Appeals stated, "the proper inquiry was whether the rated loss of use in Dancy's legs rendered both of Dancy's legs effectively unusable." Id. at 437, 482 S.E.2d at 871. Thus, the Court of Appeals held that the Commission correctly based "its ruling of permanent and total incapacity on the combined effect of the injuries to both of Dancy's legs." Id.

Determining that the Court of Appeals' decision involves a matter of significant precedential value within the meaning of

3

Code § 17-116.07(B), we awarded the employer this appeal from the March 1997 judgment below.

On appeal to this Court, the employer contends that Code § 65.2-503(C) requires the claimant to establish that each of his legs is unusable in employment to qualify him for permanent and total disability benefits. In other words, the employer contends, the Commission and the Court of Appeals wrongly evaluated Dancy's claim by using a "combined effect" test, which, according to the employer, "ignores the potential that one minimally injured limb could still be used in gainful employment but for the total disability which the other limb causes."

The employer points out the claimant was hospitalized in June 1995 for "multiple health problems." It notes the July hospital discharge summary described a number of conditions, including cellulitis of the left ankle, ulcerations of the left foot and ankle, severe vascular disease, chronic pulmonary disease, heart disease, hypertension, old leg fractures with soft tissue injury and residual disability, arthritis, and tobacco abuse. The employer contends there is "an absence of any evidence that the 15% disability to Dancy's right leg renders him unemployable, or unable to use the right leg in gainful employment." Therefore, the employer argues, the Court of Appeals erred in affirming the Commission's award "of

4

lifetime benefits for the total loss of use of two members." We disagree.

The rulings of the Court of Appeals and the Commission correctly applied our decisions interpreting the ancestors of Code § 65.2-503(C)(1) and (D), that is, former §§ 65.1-56(18) and 65-53(18), both containing language identical to the present statute.

Virginia Oak Flooring Co. v. Chrisley, 195 Va. 850, 80 S.E.2d 537 (1954), interpreted former § 65-53(18). There, the most severe injuries suffered by the claimant in an industrial accident were comminuted fractures of the upper third of the femur in each leg. The medical evidence showed the claimant had a 25% permanent disability to his left leg and a 30% permanent disability to his right leg.

In affirming the Commission's award for total and permanent incapacity, this Court observed: "It is conceded that claimant in the same accident sustained severe injuries to both legs. The legs were not lost in the sense that they were severed from the body, but for the total loss of use of both legs claimant is entitled to the same compensation as if they had been severed." Id. at 856, 80 S.E.2d at 541. The Court noted: "The same doctors, who stated that claimant had lost only a small percentage of use of his legs, stated that he was not able to hold a job and earn a living but 'he is probably able to do odd

5

jobs around the house.'" Id. at 857, 80 S.E.2d at 541. The Court said: "The phrases 'total and permanent loss' or 'loss of use' of a leg do not mean that the leg is immovable or that it cannot be used in walking around the house, or even around the block. They do mean that the injured employee is unable to use it in any substantial degree in any gainful employment." Id.

Further, the Court stated: "The question of law presented is whether, in determining the extent of the loss of use of two members injured in the same accident, the ability of the injured employee to engage in gainful employment is a proper element for consideration." Id. Answering the question in the affirmative, the Court held: "If two members are injured in the same accident and it is proven that there is total and permanent loss or loss of use of both members resulting therefrom," the claimant is entitled to compensation for total and permanent incapacity. Id. at 860, 80 S.E.2d at 542-43.

Borden, Inc. v. Norman, 218 Va. 581, 239 S.E.2d 89 (1977), interpreted former § 65.1-56(18). There, the injuries suffered by the claimant in an industrial accident included a comminuted fracture of the right tibia, severe laceration of the left leg, and slough of wounds of both legs requiring skin grafting. The record showed the claimant had a "15% permanent loss of function of the left leg and a 50% permanent physical impairment of the right leg." Id. at 584, 239 S.E.2d at 91. A physician, who saw

the claimant once two years after the accident, concluded that claimant was "unfit for any occupation other than a 'sedentary type one.'" Id. at 588, 239 S.E.2d at 93. The Commission ruled the claimant "suffered a permanent loss of the use of both legs of such extent as to render him unable to market his remaining capacity for work," id. at 582, 239 S.E.2d at 90, and awarded compensation for total and permanent incapacity.

Reversing the Commission, the Court said: "The issue involved here can be tersely stated. Is [the claimant's] loss of use of both legs less than total? If so, he is not entitled to recover under Code § 65.1-56(18)." Id. at 584, 239 S.E.2d at 91. The Court stated: "No case has been brought to our attention where an award was made under § 65.1-56(18), and in which a court held that a 10% to 15% impairment of one leg, and a 30% to 50% impairment of the other, constituted a total loss of the use of both legs. And the medical evidence does not support such a finding here." Id. at 587, 239 S.E.2d at 93. The Court said that both the claimant's attending physician and his plastic surgeon were of opinion that claimant's "leg injuries were not total and that he was able to follow some form of gainful employment." Id. at 588, 239 S.E.2d at 93. Therefore, the Court held the claimant had not "suffered a loss of both legs, or a loss of the use of both legs, within the meaning of Code § 65.1-56(18)." Id.

Factually, the present case is like Chrisley (claimant unable to use legs to any substantial degree in any gainful employment), and unlike Borden (claimant able to follow some form of gainful employment).  Neither decision, nor Code § 65.2-503(C) (which specifies loss of "both legs," not "each leg"), supports the employer's contentions (1) that the claimant must establish each leg is unusable in employment or (2) that the Commission violates the statute when it considers the combined effect of the disability ratings to both legs when determining entitlement to benefits for total and permanent incapacity.

Accordingly, we hold that the Court of Appeals correctly affirmed the Commission's decision, based on credible evidence, that the combination of the claimant's right and left leg disabilities, coupled with his inability to work, rendered him permanently and totally disabled.

Therefore, the judgment from which this appeal is taken will be

Affirmed.

8