## Richmond

BLAND & PONDER TEXACO v. COMMONWEALTH OF VIRGINIA, EX REL.
STATE CORPORATION COMMISSION.

September 1, 1972.

Record No. 7943.

Present, Snead, C.J., I'Anson, Carrico, Harrison, Cochran and Harman, JJ.

*Samuel P. Johnson, III (White, Hamilton, Wyche & Shell,* on brief), for appellant.

*Michael Lewis Rigsby,* for appellee.

Per Curiam.

Bland & Ponder Texaco (defendant) appeals of right from a final judgment of the State Corporation Commission (Commission) imposing a $100 fine on defendant for violating Code § 56-288 by transporting on April 16, 1971 an automobile for compensation without contract authority.

Code § 56-288 reads as follows:

"No person shall operate or engage in the business of a contract carrier, except as herein provided, by motor vehicle intrastate on

any highway within the State unless such person has secured from the Commission a permit authorizing him to conduct such operation or to engage in such business."

Bland & Ponder argue that it should be treated as if it were a private carrier because of Code § 46.1-163 which provides:

"For the purpose of determining the registration and license fees paid by the owners of motor vehicles used in service or wrecking cranes, such motor vehicles, when used in connection with the business of any person engaged in selling motor vehicles or repairing the same, shall be treated as other similar private motor vehicles and not as motor vehicles operated for compensation or for hire."

On Friday, April 16, 1971, a wreck occurred near the intersection of interstate highways 85 and 95 involving a Chevrolet automobile owned by Sergeant Robert M. Tenney of Ft. Meade, Maryland. Defendant, operator of a service station and repair shop in Dinwiddie County, dispatched its wrecker to the scene and picked up the disabled vehicle. The automobile was towed to defendant's shop, examined by mechanics and found to have "rear end trouble". Tenney was advised that the vehicle could not be repaired before Monday. He requested that it be taken to Master Chevrolet's garage in Petersburg, hoping that it could be fixed for him that afternoon. Bland & Ponder agreed to the request and towed the car to the Petersburg garage. J. H. Reid, a Commission investigator, observed the wrecker towing the Tenney car. He followed and talked with Tenney and John Wright, driver of the wrecker, and thereby learned why the car was being transported to Master Chevrolet. Reid introduced in evidence a ticket dated April 16, 1971, for "towing—$15", and testified "a fifteen dollar charge was made for towing services". The ticket has Bland & Ponder's name on it and is marked paid by John Wright.

Reid also testified that on another occasion defendant had transported a wrecked state police automobile for a $20 charge.

Defendant says that its wrecker is used only in connection with its repair business and to transport vehicles to its garage where repair work is to be done on them. It admits that while most automobiles brought to its station are repaired there, when automobiles are under warranty, or parts are not readily available, the vehicles are sometimes moved elsewhere for the repairs. When this occurs

the move is accomplished by defendant's wrecker. It contends, nevertheless, that all charges for towing are made for bringing an automobile to its station for repairs and not for moving it elsewhere in those cases where such a move becomes necessary. Mr. Ponder testified: "The only time I charge anyone for towing is when I bring them into the station. That is all."

In the instant case defendant claims that the $15 charge covered the transportation of the Tenney vehicle from the scene of the wreck to defendant's garage, and that no charge was made for towing the automobile from its garage to Master Chevrolet.

The narrow question before us is when is defendant's wrecker used "in connection with" its business of repairing motor vehicles. The Commission interprets Code § 46.1-163 to mean that the wrecker needs no permit if it is used only to tow disabled vehicles to the owner's repair shop, but if it tows a vehicle to somebody else's repair shop it must have a permit as a contract carrier under Code § 56-288.

Code § 46.1-163 envisions the existence of a connection or relationship between the transportation of a disabled vehicle by a wrecker or service vehicle and the repair of the disabled vehicle by the owner of the service vehicle. Obviously the transportation of Tenney's car to defendant's garage to be repaired in that garage was in furtherance of defendant's business of repairing vehicles. Under such circumstances the transportation, although for compensation, would not be the business of a contract carrier.

The Commission does not agree with defendant's contention that its second towing was in connection with its repair business because it made no charge for this towing. Further it does not agree that in the instant case there was no charge. Although it may be defendant's policy to transport to another garage, without charge, those disabled vehicles which it cannot repair, Code § 56-288 would still be applicable, for the contract arrangement between the parties, which involves a fee for towing, would necessarily contemplate and cover not only the first towing but also an occasional second towing of vehicles to another service facility.

The Commission is charged with the administration and enforcement of Code § 56-288 and its ruling as to what constitutes a contract carrier business, for which a permit is required, is entitled to great weight. It has determined from the facts in the instant case that defendant provided contract carrier service by transporting Tenney's automobile between its repair facility and Master Chevrolet's

garage, and that defendant did not have the required permit authorizing him to conduct such an operation.

We cannot say that the Commission's construction of the two statutes involved, and its determinations, are plainly wrong or without evidential support.

*Affirmed.*