COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


UNINSURED EMPLOYER'S FUND

                                                          OPINION BY
v.        Record No. 0893-05-4            JUDGE RUDOLPH BUMGARDNER, III
                                                     NOVEMBER 29, 2005
ANN GABRIEL (DECEDENT'S WIDOW),
 CHRISTOPHER GABRIEL (SON) AND
 JAMES GABRIEL (SON)


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               Jimese Pendergraft Sherrill (Siciliano, Ellis, Dyer & Boccarosse
               PLC, on briefs), for appellant.

               Kevin M. Colmey (Louis E. Dolan, Jr.; Nixon Peabody LLP, on
               brief), for appellees.


        The Uninsured Employer's Fund appeals the award of death benefits to the widow and

sons of Richard Gabriel.  The Fund contends the commission lacked jurisdiction, the worker's

death did not arise out of his employment, and the failure of the decedent to obtain insurance for

his company barred his recovery.  Finding no error, we affirm.

        The decedent was an employee of Stratin Consulting, Inc. and routinely traveled by air to

meet with clients.  He was a passenger on the airplane hijacked by terrorists and crashed into the

Pentagon on September 11, 2001.  His estate filed a claim for death benefits under Code

§ 65.2-512.

        Edward Preble and the decedent formed a management consulting firm and incorporated

Stratin Consulting, Inc. as a Virginia corporation in October 1999.  They each owned fifty

percent of the stock in the company.  The decedent lived in Virginia and was president and

treasurer of the corporation.  He directed the financial, business, and administrative tasks from

his office in his home. Preble lived in Massachusetts and was the company vice-president and

secretary. He managed the business development, marketing, and sales from an office in

Massachusetts. Both owners provided client services and spent fifty percent of their time

traveling to clients' offices in the United States and abroad. They conducted the bulk of their

business in airports and their clients' offices, and on laptop computers. The corporation had no

clients in Virginia. Preble only came to Virginia on four occasions.

The corporation's registered office was in Virginia. It filed its employment and income

taxes in Virginia. It maintained its bank account over which both owners had signature authority

in Virginia. The financial accounts including payroll, billing, and accounts receivable originated

there. The company had two employees in addition to the owners; one worked in Virginia and

the other in Massachusetts.

The deputy commissioner held the company had less than three employees in Virginia.

The full commission reversed that decision, and held the worker's death arose out of the

employment and his failure to obtain workers' compensation insurance for the company did not

bar the claim.[1] It ruled:

> as a matter of law, Mr. Preble is, for workers' compensation
> purposes, deemed to be an employee regularly in service in
> Virginia, because he is an officer of a Virginia corporation. Under
> § 65.2-101 of the Code of Virginia, an individual is deemed an
> employee by virtue of being an officer of a corporation. While not
> every employee of a Virginia corporation is regularly in service in
> the state, we adopt the presumption that a corporate director
> assumes certain responsibilities with regards to that corporation
> that constitute rendering regular service in the Commonwealth.

---

[1] Stratin Consulting, Inc. and the Fund appealed that decision, but this Court dismissed
the appeal because the order was not a final order. On remand, the deputy commissioner entered
"an award of [death] benefits" pursuant to the commission's opinion and the Fund and the
claimants appealed. By opinion dated March 14, 2005, the full commission refused to reconsider
its earlier ruling, incorporated its prior "findings of fact and conclusions of law by reference,"
and affirmed the deputy's award of death benefits.

The decedent was killed in a terrorist attack while on a business trip for the company. The only issue is whether Preble was "regularly in service" in Virginia. The commission does not have jurisdiction if the employer "has regularly in service less than three employees in the same business within this Commonwealth." Code § 65.2-101 "employee" (2)(h).

When a worker proves he was injured while employed in Virginia, the employer must refute the jurisdictional threshold of the Act. Code § 65.2-101; Craddock Moving & Storage Co. v. Settles, 16 Va. App. 1, 3, 427 S.E.2d 428, 430 (1993), aff'd , 247 Va. 165, 440 S.E.2d 613 (1994). Whether the employer satisfied this burden is a question of fact determined by the commission. Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999).

Preble was an "employee" under the Act because he was a paid employee and a corporate officer. Code § 65.2-101 "employee" (1)(a) and (1)(h). See also Williams v. Warren Ass'n for Retarded Citizens, Inc., 70 O.I.C. 18 (1991); Spurlock v. Lineberry, 70 O.I.C. 22 (1991), aff'd, Oakwood Hebrew Cemetery Ass'n v. Spurlock, No. 1978-91-2 (Va. Ct. App. Aug. 18, 1992). In determining whether he was regularly in service in Virginia, we look at the character of the business and the established mode of performing the work of the business. Cotman v. Green, 4 Va. App. 256, 259, 356 S.E.2d 447, 448 (1987).

The Fund contends the commission impermissibly created a conclusive presumption that any corporate officer is deemed to be regularly in service in Virginia. It maintains that Bois v. Huntington Blizzard, 39 Va. App. 216, 571 S.E.2d 924 (2002), controls the case.

Huntington Blizzard affirmed a finding that the employer did not regularly employ three employees within the Commonwealth. The worker was a professional hockey player who sustained injuries during a game in Virginia. The employer was a West Virginia company that had no employees or offices in Virginia. Its business contacts in Virginia were occasional and

irregular.  See also Mark Five Constr. Co. v. Gonzalez, 42 Va. App. 59, 63-64, 590 S.E.2d 81, 83 (2003) (addresses what employer contact is necessary to trigger coverage).

In this case, the corporation was a Virginia corporation with direct and substantial ties to that state.  It was subject to the corporate laws of the Commonwealth and maintained its registered office, bank account, and payroll and financial accounts there.  The corporation paid Virginia income taxes.  Virginia was the hub for its operations.

The corporation was headquartered in and operated from Virginia.  Preble was secretary of the corporation; as such he had the statutory duties to prepare and maintain the corporate minutes and to authenticate corporate records.  Code § 13.1-872.  Neither the articles of incorporation nor the by-laws of the corporation altered the obligations assigned the secretary by the corporation act.  The two officers of the corporation had the duty of annually filing reports and paying registration fees with the State Corporation Commission.

The commission pronounced a presumption that a corporate director of a Virginia corporation had sufficient corporate responsibilities to be regularly in service in the Commonwealth.  We do not address the propriety of that presumption outside the precise facts of this case.  Preble was not only a director but also an officer with specific corporate duties that had to be rendered in Virginia.

The fact that Preble rarely came to Virginia is not controlling.  The evidence of the character of the business permitted the finding that Stratin Consulting, Inc. regularly employed three employees in service in Virginia.  "'What constitutes an employee is a question of law, but whether the facts bring a person within the law's designation, is usually a question of fact.'" Osborne v. Forner, 36 Va. App. 91, 95, 548 S.E.2d 270, 272 (2001) (quoting Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929)).  We are bound by these findings of fact on appeal when "there was credible evidence presented such that a reasonable mind *could* conclude that the

fact in issue was proved." Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988) (emphasis in original). The facts of this case constituted credible evidence in the record that supported the commission's decision that it had jurisdiction.

The Fund also maintains the worker's injury did not arise out of the employment. An injury arises out of the employment "'when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.'" Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938) (citation omitted). Determining whether an injury arose out of the employment is a mixed question of law and fact reviewable on appeal. Hill v. Southern Tank Transportation, Inc., 44 Va. App. 725, 730, 607 S.E.2d 730, 732 (2005).

Under the actual risk test adopted in Virginia, the decedent must prove that he was required to travel and that he was subjected to the hazards of such travel while working for the employer. Conner v. Bragg, 203 Va. 204, 208-09, 123 S.E.2d 393, 397 (1962). See also Hill City Trucking, Inc. v. Christian, 238 Va. 735, 739, 385 S.E.2d 377, 380 (1989); Immer & Co. v. Brosnahan, 207 Va. 720, 726, 152 S.E.2d 254, 258 (1967); Sentara Leigh Hosp. v. Nichols, 13 Va. App. 630, 634-35, 414 S.E.2d 426, 428 (1992) (worker failed to prove employment required travel).

"[I]njuries resulting from an intentional assault are deemed accidental when . . . the injury is unusual and not expected." Hill City Trucking, 238 Va. at 738, 385 S.E.2d at 379 (assault on truck driver was accidental for purposes of the Act). The danger "'need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.'" Id. at 739, 385 S.E.2d at 379 (citations omitted).

Hill was a long distance truck driver who stopped at a truck stop in Tennessee to refuel. He cashed a $1,000 check to pay for the fuel and put the balance of $575 in his wallet. Twenty miles down the road, he was robbed and shot. The Supreme Court denied the worker's claim for benefits because he offered no evidence "indicating that the assault could be traced to his employment as a truck driver." 238 Va. at 739, 385 S.E.2d at 379-80. The Court found it contrary to human experience to assume that long distance truck drivers frequently carry money and the evidence did not establish that. It also held no evidence showed the robbers watched Hill cash his check. It concluded:

> it is not apodictic that [long distance truck drivers] are subject to physical assault and robbery from their persons simply because they are driving tractor trailers. Additionally, driving on a dark unfamiliar road because work requires it, does not increase the risk of injury over that sustained by another person who is not on the job but is driving down the same road at the same time.

Id. at 740, 385 S.E.2d at 380.

In this case, evidence proved the decedent was conducting company business at the time of his death. As the Fund stated in oral argument, we live during a war on terror and we are all at risk. The events of September 11, 2001 made clear that terrorists target airplanes as a particularly effective means to carry out their attacks against Western culture in general and the United States in particular. The extensive steps taken after that day to make air travel secure reflect the serious and immediate reality of that threat. Terrorists pose a unique and heightened danger to those flying. The decedent's business could only be conducted through extensive travel by air. The character of his business significantly increased his risk of injury. Unlike Hill, the decedent was exposed to additional risk of injury by the nature of his employment beyond that experienced apart from the employment. As such, his injury was an incident of his work and arose out of his employment.

Finally, the Fund argues the commission erred in concluding that the decedent's failure to obtain workers' compensation insurance for the company did not bar the claim. It contends the evidence established that the decedent was responsible for purchasing the insurance. The Fund maintains the decedent's claim is barred by the holding in <u>Dunlevy v. Hummel Aviation Servs., Inc.</u>, 69 O.I.C. 13 (1990), <u>aff'd</u>, No. 1585-90-1 (Va. Ct. App. Apr. 9, 1991).

Dunlevy was a sole owner who filed a claim for benefits. The commission barred his recovery because he knowingly failed to obtain workers' compensation insurance. In this case, the facts do not establish that the decedent was solely responsible for obtaining the insurance or that his failure to obtain it was intentional.

In February 2000, the decedent and Preble met in Boston with an insurance agent to discuss obtaining various types of insurance for their business. The decedent indicated that the company did not need workers' compensation insurance in Virginia because it had only two employees. At that time, the decedent and Preble were the only two employees of the company. When the agent advised that Massachusetts required the insurance regardless of the number of employees, the decedent indicated he would take care of it. Preble did not recall directing the decedent to purchase such insurance. After the meeting, the two owners did not discuss workers' compensation insurance any further.

The commission found that the decedent was not solely responsible for purchasing workers' compensation insurance and no evidence established his failure to obtain it "was an oversight or done intentionally." Credible evidence supports the findings. Both officers attended the meeting in 2000 to determine the insurance needs of the company, and together they decided to purchase business insurance. The evidence does not show that the decedent was solely responsible for the purchase or knowingly and purposefully refused to do so. We are bound by the commission's factual findings so long as they are supported by credible evidence,

even if "contrary evidence may be found in the record." Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229, 409 S.E.2d 824, 826 (1991).

We hold the commission had jurisdiction, the claim arose out of the decedent's employment, and it is not barred by the failure to obtain insurance. Accordingly, we affirm the commission.

Affirmed.