Present: Hassell, C.J., Lacy, Keenan, Kinser, Lemons, and Agee, JJ., and Carrico, S.J.

UNINSURED EMPLOYER'S FUND

v.  Record No. 060053    OPINION BY JUSTICE DONALD W. LEMONS
                                         November 3, 2006
ANNE GABRIEL, ET AL.

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we consider whether the Court of Appeals erred in its judgment that the Workers' Compensation Commission (the "Commission") had jurisdiction over this case. For the reasons discussed herein, the judgment of the Court of Appeals will be reversed in part and vacated in part, and final judgment will be entered in favor of the Uninsured Employer's Fund.

I. Facts and Proceedings Below

On September 11, 2001, Richard Gabriel ("Gabriel") boarded an airplane for a business meeting. The airplane was hijacked by terrorists and crashed into the Pentagon in Arlington County, Virginia. Gabriel did not survive the crash. Gabriel's estate filed a claim for death benefits under Code § 65.2-512 of the Virginia Workers' Compensation Act (the "Act"). In order for the Commission to have jurisdiction over this claim, Gabriel's employer, Stratin Consulting, Inc. ("Stratin"), would be required to have three

employees "regularly in service" in the Commonwealth at the time of Gabriel's death.  Code § 65.2-101.

On October 20, 1999, Gabriel and Edward Preble ("Preble") formed Stratin, which is a Virginia corporation.  Stratin provides management consulting services to businesses throughout the world.  Gabriel was president and treasurer of the company, and Preble served as vice president and secretary.  Stratin had two offices.  The principal office was located in Virginia where Gabriel resided in Fairfax County.  Another office was maintained in Massachusetts where Preble resided.

Gabriel frequently traveled on airplanes in the course of Stratin's business.  At the time of Gabriel's death, in addition to Gabriel and Preble, Stratin employed Gabriel's wife in Virginia and Susan Petralia ("Petralia") in Massachusetts.

On January 30, 2002, Gabriel's estate filed a claim for benefits under the Act.  A deputy commissioner (the "deputy") denied the claim.  The deputy held that because Stratin did not employ the requisite three employees pursuant to Code § 65.2-101, Stratin was not subject to the Act and that the Commission was without jurisdiction to adjudicate the claim. Gabriel's widow and two sons (the "claimants") appealed the deputy's decision to the full Commission.

On April 16, 2004, the Commission reversed the decision of the deputy and ruled that it did have jurisdiction over the claim. The Commission also ruled that Gabriel's death arose out of his employment with Stratin. The Commission remanded the case to the Deputy "for an award of benefits." Stratin and the Uninsured Employer's Fund (the "Fund") appealed the Commission's decision to the Court of Appeals. By order, the Court of Appeals held that the Commission's decision to remand the case "to the deputy commissioner for further proceedings to award benefits" was "not a final decision in the case." Stratin Consulting, Inc. v. Gabriel, Record No. 1191-04-4, slip op. at 1 (June 21, 2004). The Court of Appeals held "that the commission's order [was] interlocutory and not determinable of the controversy" and that the court was "without jurisdiction to entertain the appeal." Id. at 2. The appeal was dismissed without prejudice. Id.

On remand, the deputy granted an award on August 13, 2004. Both the Fund and Stratin requested review of the award. On March 14, 2005, the Commission declined to reconsider its April 16, 2004, decision. The Fund again appealed the decision to the Court of Appeals. The Court of Appeals affirmed the Commission's decision holding that the Commission had jurisdiction and that the claim arose out of Gabriel's employment.

3

The Fund appeals to this Court based on four assignments of error. The Fund argues that the Court of Appeals "erred in affirming the opinion" of the Commission. The Fund also argues that the Court of Appeals "erred in finding that credible evidence in the record supported the [C]ommission's decision that it had jurisdiction." The Fund next argues that the Court of Appeals "erred by declining to address the presumption adopted by the [C]ommission." Finally, the Fund argues that the Court of Appeals erred in finding that Gabriel's death arose out of his employment.

## II. Analysis

"What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact." Baker v. Nussman, 152 Va. 293, 298, 147 S.E. 246, 247 (1929). The standard of review we must employ is familiar and well-settled. "We review questions of law de novo, including those situations where there is a mixed question of law and fact." Westgate at Williamsburg Condo. Ass'n v. Philip Richardson Co., 270 Va. 566, 574, 621 S.E.2d 114, 118 (2005).

"Code § 65.2-700 vests the Commission with jurisdiction to determine all questions 'arising under' the Virginia Workers' Compensation Act," however, "[t]he jurisdiction is not unlimited." Bogle Dev. Co. v. Buie, 250 Va. 431, 434, 463

4

S.E.2d 467, 468 (1995).  The threshold question in this case is whether the Commission had jurisdiction.  Code § 65.2-101 states that under the Act " '[e]mployee' shall not mean . . . [e]mployees of any person, firm or private corporation, including any public service corporation, that has regularly in service less than three employees in the same business within this Commonwealth."

The Commission held in relevant part that:

> We find that as a matter of law, Mr. Preble is, for workers' compensation purposes, deemed to be an employee regularly in service in Virginia, because he is an officer of a Virginia corporation.  Under § 65.2-101 of the Code of Virginia, an individual is deemed an employee by virtue of being an officer of a corporation.  While not every employee of a Virginia corporation is regularly in service in the state, we adopt the presumption that a corporate director assumes certain responsibilities with regards to that corporation that constitute rendering regular service in the Commonwealth.  We therefore REVERSE the finding that the Commission does not have jurisdiction over this claim.

Gabriel v. Stratin Consulting, Inc., VWC File No. 208-43-28 (Apr. 16, 2004)(emphasis added).  There is not a presumption in Virginia that by virtue of holding the position of a corporate director of a Virginia corporation, that corporate director renders regular service in Virginia.  The Commission based its decision on a presumption that does not exist in Virginia law.

5

The Court of Appeals did not address the Commission's adoption of a presumption. Rather, the Court of Appeals based its decision on the Commission's "findings of fact." Uninsured Employer's Fund v. Gabriel, 47 Va. App. 95, 102, 622 S.E.2d 273, 276 (2005). The Court held that "[t]he facts of this case constituted credible evidence in the record that supported the commission's decision that it had jurisdiction." Id. We have previously held that this Court is bound by the Commission's factual finding that a company lacks, on or immediately prior to the date of the accident prompting a claim for benefits, a number of employees sufficient to bring it within the ambit of the Act. Vanzant v. Southern Bending Co., 143 Va. 244, 248-49, 129 S.E. 268, 269 (1925). However, such findings of fact are "conclusive and binding" only to the extent that they are "predicated upon evidence introduced or appearing in the proceedings." Id. at 246, 129 S.E. at 268. In other words, "[i]f . . . there is no credible evidence on which the Commission's findings of fact are based, its findings [of fact] are not binding and the question presented becomes one of law." Great Atlantic & Pacific Tea Co. v. Robertson, 218 Va. 1051, 1053, 243 S.E.2d 234, 235 (1978).

We hold that the evidence in the record does not support a finding that the Commission had jurisdiction. At the time of Gabriel's death, Stratin had four employees. Only two of

6

the four employees, however, were "regularly in service" in Virginia as required by Code § 65.2-101.

It is undisputed that Mr. and Mrs. Gabriel were "regularly in service" in the Commonwealth. However, Stratin's other two employees Preble and Petralia, were not "regularly in service" in Virginia. Petralia served as Preble's administrative assistant. She worked and lived in Massachusetts. Petralia's only contact with Virginia was through limited phone calls and emails made to Gabriel who worked in the Virginia office. Consequently, Petralia was not regularly in service in Virginia. Thus, whether the Commission had jurisdiction over this case depends on whether Preble was an employee regularly in service in Virginia.

At the time of Gabriel's death, Preble served as vice president and secretary of Stratin. Preble's office was in Concord, Massachusetts. Preble testified that most of the work for his clients was performed "on the site of the client." Stratin had no clients in Virginia. While Stratin was headquartered in Virginia where its financial affairs were handled, Preble was in charge of Stratin's business development of marketing and sales and did not handle financial matters. Additionally, from 1999 to 2001, Preble was only in Virginia four times. The evidence does not support a finding that Preble was regularly in service in the

7

Commonwealth. The fact that Preble may have had certain statutory duties as an officer of Stratin does not render him regularly in service in Virginia. Because Stratin did not have three employees regularly in service within the Commonwealth at the time of the cause of action, the Commission had no jurisdiction over this matter. See Code § 65.2-101. Because we have determined that the Commission had no jurisdiction in this case, the Court of Appeals and this Court have no jurisdiction over this matter, except to decide that there is no jurisdiction. Morrison v. Bestler, 239 Va. 166, 170, 387 S.E.2d 753, 755 (1990) (holding that "a court always has jurisdiction to determine whether it has subject matter jurisdiction").

## III. Conclusion

Because the Commission and the Court of Appeals had no jurisdiction to hear this case, we will reverse the Court of Appeals' holding concerning jurisdiction and vacate the remaining portion of the Court of Appeals' judgment, and enter final judgment for the Uninsured Employer's Fund.

Reversed in part,
vacated in part,
and final judgment.

8