PRESENT: Hassell, C.J., Keenan, Koontz, Lemons, Agee,[1] and Goodwyn, JJ., and Lacy, S.J.


PALACE LAUNDRY, INC.,
D/B/A LINENS OF THE WEEK

v.  Record No. 071920                          OPINION BY
                                    JUSTICE S. BERNARD GOODWYN
CHESTERFIELD COUNTY                      September 12, 2008


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
F.G. Rockwell, III, Judge

In this appeal, we consider whether a linen rental company that cleans its own linens is a processing business for purposes of Code § 58.1-3507(A).

In 2004, the Chesterfield County Tax Commissioner assessed the standard business tangible personal property tax on property used by Palace Laundry, Inc., d/b/a/ Linens of the Week ("Palace Laundry").  Palace Laundry appealed the determination to the State Tax Commissioner, who concluded that Palace Laundry was a processing business entitled to a reduced tax rate on tools and machinery used in its processing business.

Chesterfield County filed a "Petition to Correct Erroneous Tax Assessment" in the Circuit Court of Chesterfield County.  The circuit court reversed the State Tax

_____

[1] Justice Agee participated in the hearing and decision of this case prior to his retirement from the Court on June 30, 2008.

Commissioner, ruling that Palace Laundry did not qualify as a processing business.  Palace Laundry appeals.

FACTS

Palace Laundry, located in Chesterfield County, owns an inventory of linens, which it rents to customers.  During each periodic delivery to a customer, Palace Laundry picks up soiled rented linens and replaces those linens with rented linens that have been laundered and finished according to generally accepted standards of textile rental companies.  In order to clean its linens, Palace Laundry uses two large washing machines and pays personal property taxes assessed on that equipment.  Palace Laundry does not clean linens or other textiles that are owned by any person or entity other than itself.

On September 29, 2004, Palace Laundry informed Chesterfield County that it was a laundry business exempt from property tax on all personal property other than its machinery and tools, and, further, as a laundry business or, alternatively, as a processing business, Palace Laundry should be taxed on its machinery and tools at the machinery and tools reduced tax rate.  The Chesterfield County Tax Commissioner ruled that Palace Laundry was not a laundry business, and assessed Palace Laundry with the standard business tangible

personal property tax on the washing machines. The Chesterfield County Tax Commissioner did not address whether Palace Laundry was a processing business.

Palace Laundry appealed the Chesterfield County Tax Commissioner's determination to the State Tax Commissioner ("the Commissioner"). Agreeing with the Chesterfield County Tax Commissioner, the Commissioner concluded that Palace Laundry was not a laundry business. However, the Commissioner ruled that Palace Laundry was a processing business under Code § 58.1-3507(A) and that Palace Laundry's machinery and tools used in processing were subject to a reduced tax rate.

Chesterfield County filed a Petition to Correct Erroneous Tax Assessment in the Circuit Court of Chesterfield County, regarding the Commissioner's ruling that Palace Laundry was a processing business. The matter proceeded in the circuit court upon stipulated facts. While recognizing that Chesterfield County had the burden of proving that the Commissioner erred by finding that Palace Laundry was a processing business, the circuit court, nonetheless, reversed the Commissioner's ruling and held that Palace Laundry was not a processing business. The circuit court reasoned that Palace Laundry "does not render the linens more marketable or useful than when originally acquired by them, rather they are

3

attempting to maintain linens for continued use by their customers."

### ANALYSIS

Palace Laundry argues that the circuit court erred when it made the legal determination that Palace Laundry is not a processing business. Responding, Chesterfield County asserts the circuit court's ruling was correct because Palace Laundry does not engage in processing and it is not a processing business.

Code § 58.1-3983.1(G) provides that when a court is reviewing a determination of the Tax Commissioner, the party challenging the determination shall have the burden of proof to show that the determination was erroneous. The State Tax Commissioner's determination is presumed valid. Department of Taxation v. Lucky Stores, Inc., 217 Va. 121, 127, 225 S.E.2d 870, 874 (1976).

While the Commissioner's determination is entitled to deference, a court reviewing such a determination is not bound by the Commissioner's construction of the governing statute or regulation. County of Henrico v. Management Recruiters of Richmond, Inc., 221 Va. 1004, 1010, 277 S.E.2d 163, 166 (1981). The court may overrule the Commissioner's determination if the court finds the decision is erroneous.

4

See id.; Code § 58.1-3983.1(G); Lucky Stores, 217 Va. at 127, 225 S.E.2d at 874; City of Richmond v. Richmond Dairy Co., 156 Va. 63, 72, 157 S.E. 728, 731 (1931).

Palace Laundry contends it is a processing business under this Court's case law because it "treats linens by heat (as in pasteurization) when it washes, dries, and presses the linens; it treats linens by agitation and the addition of chemical detergents and mildew prohibitors during the washing cycles (as in making fertilizer); and it treats linens by finishing the linens to customer specifications and delivery (as in blending or sorting)."  We disagree with Palace Laundry's analysis.

Whether Palace Laundry is a processing business within the meaning of Code § 58.1-3507(A)[2] is a mixed question of law

---

[2] Code § 58.1-3507(A):

Machinery and tools, except idle machinery and tools as defined in subsection D and machinery and equipment used by farm wineries as defined in § 4.1-100, used in a manufacturing, mining, water well drilling, processing or reprocessing, radio or television broadcasting, dairy, dry cleaning or laundry business shall be listed and are hereby segregated as a class of tangible personal property separate from all other classes of property and shall be subject to local taxation only. The rate of tax imposed by a county, city or town on such machinery and tools shall not exceed the rate imposed upon the general class of tangible personal property. Idle machinery and tools are taxable as capital under § 58.1-1101.

5

and fact.  The Court reviews such issues de novo.  University of Va. Health Servs. Found. v. Morris, 275 Va. 319, 332, 657 S.E.2d 512, 518 (2008); Uninsured Employer's Fund v. Gabriel, 272 Va. 659, 662-63, 636 S.E.2d 408, 411 (2006).

Although "processing" has not been defined in the context of a tax classification, this Court has defined "processing" for purposes of the sales and use tax.  See State Tax Comm'r v. Flow Research Animals, Inc., 221 Va. 817, 820, 273 S.E.2d 811, 813 (1981). In Department of Taxation v. Orange-Madison Coop. Farm Serv., 220 Va. 655, 658, 261 S.E.2d 532, 534 (1980), it was stated that processing "requires that the product undergo a treatment rendering the product more marketable or useful."  This definition was expounded upon in Flow Research Animals, 221 Va. at 820, 273 S.E.2d at 813, in which it is stated that "even under our broad interpretation of 'processing' it is contemplated that the raw material will be treated in some manner, whether by heat (as in pasteurization) or by blending (as in making feed and fertilizer)."

Our decisions in Orange-Madison Cooperative, 220 Va. at 658, 261 S.E.2d at 534, and Flow Research Animals, 221 Va. at 820, 273 S.E.2d at 813, dictate that to constitute a processing business for purposes of personal property taxation

6

under Code § 58.1-3507(A), a company's product must undergo a treatment rendering it more marketable or useful.  Here, however, Palace Laundry does not apply any treatments that make the linens more marketable or useful than when the linens were originally purchased.  Palace Laundry's acts of cleaning and maintaining its linens do not constitute processing and Palace Laundry, therefore, is not a processing business within the meaning of Code § 58.1-3507(A).

Cleaning and maintaining its rental property does not transform a rental business into a processing business.  Assuming, arguendo, that cleaning and maintaining its rental property constitutes processing, Palace Laundry is not in the processing business, because such processing is not Palace Laundry's business.  Palace Laundry is a linen supply business that rents linens to its customers; the service Palace Laundry provides is not the cleaning and maintaining of its linens, but rather the supplying of linens to its customers.  The maintenance and cleaning of its property, which Palace Laundry claims to constitute "processing," is merely an activity ancillary to Palace Laundry's linen supply business.  The circuit court did not err in finding that Palace Laundry is not a processing business.

Accordingly, for the above reasons, we will affirm the judgment of the circuit court.

<u>Affirmed.</u>