COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:  Chief Judge Felton, Judges Petty and McCullough
Argued at Alexandria, Virginia


TRICON CONSTRUCTION, INC. AND
  FLAGSHIP CITY INSURANCE COMPANY
                                            MEMORANDUM OPINION[*] BY
v.      Record No. 1646-13-4            CHIEF JUDGE WALTER S. FELTON, JR.
                                              FEBRUARY 18, 2014
RAUL ROJAS-ROJAS


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Joseph C. Veith, III (Dawn E. Boyce; Bancroft, McGavin, Horvath &
            Judkins, P.C, on brief), for appellants.

            Joseph T. Trapeni, Jr. (Joseph T. Trapeni, Jr., P.C., on brief), for
            appellee.


        Tricon Construction, Inc. and Flagship City Insurance Company (collectively "employer")

appeal the decision of the Virginia Workers' Compensation Commission (the commission)

awarding temporary partial disability benefits to Raul Rojas-Rojas ("claimant"), pursuant to Code

§ 65.2-502.  Employer asserts that the commission erred by allowing claimant to testify about his

efforts to market his residual work capacity, because claimant failed to disclose his efforts through

his responses to discovery.  Employer also contends the commission erred by finding that claimant

made reasonable efforts to market his residual work capacity, when claimant testified generally that

his efforts to find work consisted only of reading newspapers, browsing the Internet, listening to the

radio, and placing phone calls.

        For the following reasons, we affirm the decision of the commission in part and reverse in

part.

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND

Claimant worked full time for employer as a drywall finisher. On September 15, 2008, he sustained compensable work-related injuries when he fell off a ladder while installing drywall. Claimant suffered injuries to his head, neck, shoulders, back, and right knee. On March 16, 2009, claimant's treating physicians released him to light-duty work, with the instruction that he perform no heavy lifting.

On April 29, 2009, claimant filed a claim for disability benefits, asserting multiple injuries by accident occurring September 15, 2008. On October 13, 2009, the parties appeared before the deputy commissioner pursuant to claimant's claim for benefits. On October 9, 2009, four days prior to the hearing, claimant obtained part-time work as a janitor. The parties stipulated at the hearing that claimant's pre-injury weekly wage totaled $997.59 and that claimant earned $216 per week for his part-time janitorial work.

At the hearing before the deputy commissioner, claimant sought temporary total disability benefits from September 15, 2008 through October 8, 2009; temporary partial disability benefits from October 9, 2009 and continuing; permanent partial disability benefits for 24% loss of use of his right arm and 23% loss of use of his left arm; and medical benefits.

On February 26, 2010, the deputy commissioner issued a letter opinion awarding claimant temporary total disability benefits from September 15, 2008 through March 16, 2009, and medical benefits from September 15, 2008 and continuing. The deputy commissioner denied claimant's request for temporary partial disability benefits from October 9, 2009 and continuing, and denied his request for permanent partial disability benefits. On August 27, 2010, the full commission affirmed the deputy commissioner's decision.

On March 15, 2010, after the deputy commissioner issued her letter opinion but before the release of the commission's opinion, claimant re-filed his claim for benefits. Claimant sought, *inter alia*, temporary partial disability benefits from October 9, 2009 to the present and continuing.

On October 4, 2012, the parties appeared before the deputy commissioner pursuant to claimant's re-filed claim for temporary partial disability benefits. The parties again stipulated as to claimant's pre-injury weekly wage and that he had been employed as a janitor since October 9, 2009, earning an average weekly wage of $216.

At the October 24, 2012 hearing before the deputy commissioner, claimant testified regarding his efforts to market his residual skills from October 2009 to the present. Employer objected to that testimony. Employer asserted that, while claimant had previously identified thirteen employers he had contacted prior to obtaining part-time work as a janitor on October 9, 2009, he never supplemented those earlier responses pursuant to employer's discovery request that he identify his marketing efforts from October 2009 to the present. Accordingly, employer asserted that claimant should be barred from testifying as to his marketing efforts after October 13, 2009, the date of the previous hearing before the deputy commissioner. The deputy commissioner overruled employer's objection, allowing claimant to testify to his efforts to market his residual work capacity after October 9, 2009.

Claimant testified that, after obtaining part-time work as a janitor on October 9, 2009, he had searched for full-time employment "all the time." He stated that he looked for employment opportunities in magazines, on the radio, on the Internet, and that he placed phone calls to potential employers. He told the deputy commissioner that his search for employment after October 13, 2009 had been unsuccessful.

During cross-examination, claimant acknowledged that he had not produced a marketing log or identified any specific employers that he contacted after October 13, 2009. He admitted that he had not registered with the Virginia Employment Commission to assist in his search for work.

In a letter opinion dated October 12, 2012, the deputy commissioner awarded claimant temporary partial disability benefits from December 16, 2009 and continuing.[1] The deputy commissioner found that claimant "made a reasonable effort to market his remaining work capacity," "particularly in light of the fact that . . . claimant is currently employed in a light duty capacity at a job he found on his own." The commission affirmed the deputy commissioner's decision, stating that the deputy commissioner did not err by permitting claimant to testify about his marketing efforts and that claimant met his burden to prove that he made reasonable efforts to market his remaining work capacity. The commission stated:

> The record discloses that the claimant answered Interrogatories on September 23, 2010 and attached a list of 13 contacts. We find the Deputy Commissioner did not err in allowing the claimant to explain his job search efforts since that time. Those efforts reveal the claimant has been pursuing additional work by looking on the internet and in magazines and listening to the radio as well as making telephone calls. We find these efforts were reasonable.

## II. ANALYSIS

A. Admissibility of Claimant's Testimony Related to Marketing Residual Work Capacity

Employer contends the commission erred by affirming the deputy commissioner's decision allowing claimant to testify about his efforts to market his residual work capacity from October 9, 2009 and continuing. Employer asserts that, because claimant failed to disclose his marketing

---

[1] The deputy commissioner also awarded claimant permanent partial disability benefits at the weekly rate of $665.06, "commencing on April 28, 2009 and continuing for a period of 108 weeks, based upon a 23% loss of use of the left upper extremity, a 24% loss of use of the right upper extremity and an 8% loss of use of the right lower extremity."

- 4 -

efforts from October 9, 2009 and continuing by supplementing his responses to discovery, the deputy commissioner abused her discretion by allowing him to testify about his efforts.

Rule 1.8(D) of the Rules of the Virginia Workers' Compensation Commission provides that "[a] party who has responded to a request for discovery with a response that was complete when made is under no duty to supplement a response to include information thereafter acquired unless such information materially affects a prior response."

On September 27, 2010, in response to employer's request for discovery, claimant told employer that he began part-time janitorial work on October 9, 2009. He provided employer a list of thirteen employers that he had contacted from the date of his injury, September 15, 2008, to October 9, 2009. Claimant did not supplement his discovery response to include the names or contact information of employers he contacted after obtaining part-time janitorial work. At the hearing before the deputy commissioner, claimant testified, over employer's objection, as to his efforts to market his residual work capacity from October 9, 2009 and continuing. Employer cross-examined claimant on this issue.

"As a general matter, while procedures before the [commission] must ensure that the parties are accorded due process of law, the [commission] is afforded considerable latitude in adapting the conduct of hearings to the circumstances of the case." Kim v. Sportswear, 10 Va. App. 460, 470, 393 S.E.2d 418, 424 (1990) (citation omitted).

> While some degree of formality or the use of standardized uniform procedures and forms may be more conducive to an orderly and expeditious process, rigid or technical rules of pleading, evidence, or practice in the conduct of hearings shall not apply so long as the procedures adopted protect the substantial rights of the parties.

Sergio's Pizza v. Soncini, 1 Va. App. 370, 376, 339 S.E.2d 204, 207 (1986) (citations omitted).

The commission has wide discretion in determining the evidence it will receive and consider. We conclude that the commission here did not err by affirming the deputy

commissioner's ruling permitting claimant to testify as to his marketing efforts from October 9, 2009 and continuing. Claimant's testimony did not materially affect his prior response to discovery, and employer was able to effectively cross-examine claimant regarding his marketing efforts at the hearing.

### B. Claimant's Marketing of his Residual Work Capacity

Employer also contends that the commission erred by finding that claimant reasonably marketed his residual employment skills from October 9, 2009 and continuing, and by awarding claimant temporary partial disability benefits for that period.

> An award by the Commission is conclusive and binding as to all questions of fact. Code § 65.2-706(A). The determination as to whether an employee seeking temporary partial disability benefits has made a reasonable effort to market his residual work capacity falls within the Commission's fact-finding, and if the Commission's factual conclusion on that question is supported by credible evidence, it will not be disturbed on appeal. The Commission's factual findings, however, are "'conclusive and binding' only to the extent that they are 'predicated upon evidence introduced or appearing in the proceedings.'" Uninsured Employer's Fund v. Gabriel, 272 Va. 659, 664, 636 S.E.2d 408, 411 (2006) (quoting Vanzant v. Southern Bending Co., 143 Va. 244, 246, 129 S.E. 268, 268 (1925)). If the Commission's findings of fact are not based on credible evidence, "its findings are not binding and the question presented becomes one of law." Great Atlantic & Pacific Tea Co. v. Robertson, 218 Va. 1051, 1053, 243 S.E.2d 234, 235 (1978) (citing Conner v. Bragg, 203 Va. 204, 207, 123 S.E.2d 393, 395 (1962)).

Ford Motor Company v. Favinger, 275 Va. 83, 88, 654 S.E.2d 575, 578 (2008) (other citations omitted).

To support a claim for temporary partial disability benefits, the employee "[has] the burden of proving that he [has] made a reasonable effort to procure suitable work but [is] unable to market his remaining work capacity." Wash. Metro. Area Trans. Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985) (per curiam).

> There are no fixed guidelines for determining what constitutes a "reasonable effort" by an employee to market residual work capacity. Great Atlantic & Pacific Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987). An employee must "exercise reasonable diligence in seeking employment" and the reasonableness of an employee's effort will be determined on a case-by-case basis, taking into account "all of the facts and surrounding circumstances." Id.

County of James City Fire Dep't v. Smith, 54 Va. App. 448, 454, 680 S.E.2d 307, 310 (2009).

In National Linen Service v. McGuinn, 8 Va. App. 267, 380 S.E.2d 31 (1989), this Court held that the commission should consider the following criteria to determine whether a claimant has made a reasonable effort to market residual work capacity:

> (1) the nature and extent of [the] employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of [the] employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in the area suitable for the employee, considering his disability; and (6) any other matter affecting [the] employee's capacity to find suitable employment.

Id. at 272, 380 S.E.2d at 34 (footnotes omitted).

A claimant "must present 'some evidence that he [has] engaged in a *good faith* effort to obtain work within the tolerance of his physical condition' and has failed to find a job, either due to his injury or because no such work available in the community." Id. at 271, 380 S.E.2d at 34 (emphasis in original) (quoting Dunkin Donuts of America, Inc. v. Watson, 366 A.2d 1121, 1126 (Me. 1976)).

To determine whether claimant made a reasonable effort to market his residual work capacity, we view the evidence in the light most favorable to claimant, the prevailing party before the commission. Id. at 270, 380 S.E.2d at 33. "Since whether claimant made reasonable efforts to market his residual work capacity is a factual determination, we must determine whether the commission's finding is supported by credible evidence." Smith, 54 Va. App. at 455, 680 S.E.2d at 311.

In Smith, this Court reversed the commission's finding that claimant reasonably marketed his residual work capacity. The Court held that claimant failed to exercise good faith in performing his job search, that he waited until two weeks before the hearing with the deputy commissioner to secure part-time employment, that he produced no evidence that jobs were not available in related fields, and that he "never testified he interviewed for any specific job, whether he made any job applications, or followed through on any leads." Id.

Here, as in Smith, claimant obtained part-time work as a janitor only four days prior to his initial hearing before the deputy commissioner on October 13, 2009, despite his physician having released him to light-duty work on March 16, 2009. Claimant testified that, in the three years since he obtained part-time employment as a janitor, he looked for other employment opportunities in magazines, on the radio, and on the Internet. He testified that he phoned potential employers. However, claimant failed to produce any record or log of his three-year job search. He provided no names or contact information of potential employers whom he had contacted. As in Smith, claimant here never testified that he interviewed for any specific position or that he submitted any applications for work. He provided no evidence that other light-duty work was unavailable in related fields. In addition, claimant admitted that he had not registered with the Virginia Employment Commission for help in seeking additional employment or in assisting him in marketing his residual work capacity.

Although claimant has performed part-time janitorial work since October 9, 2009, "the mere fact that the employee obtained a new job, where the pay is substantially less than that received at the old job, is, standing alone, insufficient proof of making a reasonable effort to market one's remaining work capacity." National Linen Service, 8 Va. App. at 268, 380 S.E.2d at 32. Rather, "an employee should present evidence of: (1) the names of businesses he

contacted; (2) the types of positions sought; (3) the number of contacts made; and (4) the time frame within which work was sought." Id. at 273 n.2, 380 S.E.2d at 35 n.2 (citation omitted).

Applying this established criteria, we conclude from the record on appeal that the commission erred by finding that claimant reasonably marketed his residual work capacity from October 9, 2009 to the present and continuing.

### III.  CONCLUSION

We affirm the decision of the commission that the deputy commissioner did not err by permitting claimant to testify as to his efforts to market his residual work capacity after October 9, 2009, even though he failed to respond to employer's discovery request seeking that information.

We reverse the decision of the commission finding that claimant reasonably marketed his residual work capacity from October 9, 2009 and continuing, and remand to the commission for such further proceedings as may be necessary.

Affirmed in part,
reversed in part,
and remanded.