JUSTICE POWELL, concurring.
 

 I agree that the judgment of the trial court should be affirmed. As the majority has stated, Code § 58.1-3814(H) provides in relevant part that "[a]ny county, city or town may impose a tax on consumers of natural gas provided by pipeline distribution companies and gas utilities." As applicable here, Code § 58.1-3814(H) permits the City to tax consumers of natural gas provided by "a corporation ... which transmits ... natural gas ... to a purchaser for purposes of furnishing heat or light."
 

 Following a hearing, the trial court entered a consolidated letter opinion and order. The trial court made a factual finding that VEPCO did not consume natural gas for the purpose of furnishing heat or light. It found that heat, along with exhaust gas, was an incidental byproduct that VEPCO used to turn steam turbines. The trial court ruled that VEPCO's natural gas consumption was therefore not within the scope of the statute and was not subject to the tax.
 

 A trial court's factual finding will not be disturbed on appeal unless it is plainly wrong or without evidence to support it. Preferred Sys. Solutions, Inc. v. GP Consulting, LLC ,
 
 284 Va. 382
 
 , 394,
 
 732 S.E.2d 676
 
 , 682 (2012). The record on appeal contains testimony that VEPCO consumes natural gas principally to create pressure. The natural gas is used as fuel in a chemical combustion reaction that causes the air inside a combustion chamber to expand, and the pressure created by this expansion is used to provide mechanical force to turn the principal turbine shaft of and spin a generator, thereby producing electricity. Although the combustion also produces heat, it is transferred as exhaust, along with the gaseous byproducts of the chemical combustion reaction (including carbon dioxide, water vapor, and nitrogen oxides), to a secondary
 steam-turbine system, where it is used to heat water to produce steam in a boiler, which turns a different turbine shaft.
 

 Accordingly, the evidence in the record supports the trial court's finding that VEPCO does not consume natural gas for the purpose of furnishing heat or light. As I cannot find that the trial court's factual finding is plainly wrong or without evidence to
 support it, I would affirm the judgment of the trial court.
 

 SENIOR JUSTICE LACY, with whom JUSTICE McCLANAHAN and JUSTICE KELSEY, join, concurring in the result.
 

 I agree that the judgment of the trial court should be affirmed. In my opinion, the operative definition in Code § 58.1-2600(A) for determining whether VEPCO is subject to the consumer utility tax the City seeks to impose is the definition of "Pipeline distribution company"
 
 *
 
 as directed by the consumer utility tax statute. Code § 58.1-3814(J) directs that "Pipeline distribution company" is to be given the same meaning as defined in Code § 58.1-2600(A). Chapter 26 of Title 58.1 is the chapter regulating the taxation of public service corporations and is administered by the Virginia State Corporation Commission ("SCC"). The SCC regulates pipeline distribution companies as defined in Code § 58.1-2600(A).
 

 If the entity from which VEPCO purchases the natural gas it uses in its electric generation process is not a pipeline distribution company, VEPCO cannot be subject to the consumer utility tax on that natural gas. VEPCO purchases its natural gas from VP Energy, the entity that owns the natural gas at the point it enters the City's pipeline and is transported to VEPCO's plant.
 

 The record reflects that the SCC approved VP Energy's operations over 20 years ago but has never included VP Energy on the register of pipeline distribution companies and has never required VP Energy to file returns or pay assessments required of pipeline distribution companies. Because the definition of pipeline distribution company is to be given the same meaning as that term is given in Chapter 26, the decision of the SCC to exclude VP Energy from
 the definition of pipeline distribution company should be given great deference because it falls within the area of the SCC's expertise. LaCava v. Commonwealth ,
 
 283 Va. 465
 
 , 470,
 
 722 S.E.2d 838
 
 , 840 (2012) ; Bland & Ponder Texaco v. Commonwealth ,
 
 213 Va. 161
 
 , 163,
 
 191 S.E.2d 236
 
 , 237-38 (1972).
 

 Under the definition of pipeline distribution company as applied by the SCC, VP Energy is not a pipeline distribution company. Applying the same meaning to pipeline distribution company for purposes of the consumer utility tax, as required by Code § 58.1-3814(J), means that VP Energy is not a pipeline distribution company for purposes of Code § 58.1-3814(H). Therefore, VEPCO is not subject to a consumer utility tax under Code § 58.1-3814(H) because it does not receive natural gas from a pipeline distribution company.
 

 Code § 58.1-2600(A) defines "Pipeline distribution company" as "a corporation, other than a pipeline transmission company, which transmits, by means of a pipeline, natural gas, manufactured gas or crude petroleum and the products or by-products thereof to a purchaser for purposes of furnishing heat or light."