Syllabus.

## Staunton.

## E. V. Vanzant v. Southern Bending Company.

September 17, 1925.

1. WORKMEN'S COMPENSATION ACT—*Appeal and Error—Findings of Fact of the Industrial Commission.*—When the Industrial Commission certifies to the appellate court its findings of fact predicated upon evidence introduced or appearing in the proceedings, in the absence of fraud, such findings of fact are conclusive and binding.

2. WORKMEN'S COMPENSATION ACT—*Notice of Cancellation of Insurance—Acts of 1918 and 1922.*—Section 69 (a) of the Workmen's Compensation Act of 1918 was amended by Acts of 1922, Page 743, so as to require notice to the Industrial Commission by an employer when he cancelled his insurance. The act of 1918 did not require such notice. In the instant case plaintiff was injured on the 15th day of December, 1921, and claimed that it was obligatory upon defendant to have given notice of the cancellation of its insurance, and that failing in this defendant was liable to plaintiff under the provisions of section 69 (b).

   *Held:* That since the statute in force on the 15th day of December, 1921, did not require notice of cancellation of insurance, it was not incumbent upon defendant to give it.

3. WORKMEN'S COMPENSATION ACT—*Record—Opinions of Members of the Commission.*—Opinions of the members of the Industrial Commission are not a part of the record in the sense that the appellate court can look to them to ascertain the "findings of fact," but there is no reason why they should not by proper order be made a part of the record in order to give the appellate court the benefit of the views of the members of the commission.

4. WORKMEN'S COMPENSATION ACT—*Findings of Commission—Finding as to the Employment by Defendant of Eleven Men—Case at Bar.*—Where the majority of the Industrial Commission found as a fact "that the defendant company at no time had as many as eleven men in its employment at or prior to the date of the accident here complained of," the Supreme Court of Appeals is bound by such finding, and the judgment of the lower court refusing compensation must be affirmed.

Error to a judgment of the Circuit Court of Scott county, affirming a majority order of the Industrial Com-

mission denying compensation to claimant under the Workmen's Compensation Act. Claimant assigns error.

*Affirmed.*

The opinion states the case.

*O. M. Vicars* and *R. P. Bruce*, for the plaintiff in error.

*Sells, Simmonds & Bowman*, and *Morison, Morison & Robertson*, for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This is a writ of error from a judgment of the circuit court of Scott county affirming a majority award by the Industrial Commission.

There have been four trials of this case—first before the late Chairman McHugh; second before Commissioner Handy (now chairman of the Commission); third, before the full Commission; and fourth, before the trial court. All of the tribunals found in favor of the defendant in error except Commissioner Handy.

From the findings of fact certified by a majority of the Commission, it appears that the defendant conducted a saw mill operation during a portion of the year 1920.

In December, 1920, it discontinued its operation and all of the employees were dispensed with, except the foreman, who was retained as a care taker.

For practically twelve months this condition prevailed.

A short period before the accident (the record is silent as to the date), the plaintiff entered into a contract with the defendant to cut certain timber, the property of defendant, at $1.25 per thousand feet.

On the 15th day of December, 1921, a log rolled against the leg of plaintiff, injuring same so seriously that it had to be amputated. A short period after the accident occurred, the defendant resumed its saw mill operations. It is conceded that before the saw mill operations were closed in 1920 defendant had in its employ more than eleven operatives, and pursuant to the provisions of the statute, carried industrial insurance. When it closed operation in 1920, it permitted its insurance to lapse and did not renew same until after the accident to plaintiff.

The defenses relied on are: 1st That the plaintiff was an independent contractor; 2nd—that the defendant at the time of the accident had regularly in its employment less than eleven operatives and therefore was exempted under the provisions of section 15 of the Workman's Compensation Law (laws 1918, c. 400), which provides that the act does not apply "to any person, firm or private corporation, including any public service corporation, that has regularly in service less than eleven operatives in the same business within this State, unless such employees and their employers voluntarily elect, in the manner hereinafter specified, to be bound by this act."

As to the first contention the full Commission found as a matter of fact against the defendant.

That the second contention was well founded was the finding of a fact by a majority of the Commission.

[1] When the Commission certifies to the appellate court its findings of fact predicated upon evidence introduced or appearing in the proceedings, in the absence of fraud, such findings of fact shall be conclusive and binding. *Stonega Coke and Coal Co.* v. *Sutherland*, 136 Va. 489, 118 S. E. 133; *Board of Supervisors of Rockingham County* v. *Lucas*, 142 Va. 84, 128 S. E. 574.

Relying upon the dissenting opinion of Commissioner Handy, plaintiff insists as a matter of law that since the defendant was at one time operating under the provisions of the compensation law, it was obligatory upon it to give notice pursuant to section 69 (a) that its policy of insurance had expired, and failing in this, it was liable to the plaintiff under the provisions of section 69 (b), which provides for such liability. This contention is beside the mark for the very apparent reason that upon an examination of the statute under the provision of which the application for compensation was filed, it appears that it did not provide for notice in the event of cancellation of its insurance policy.

Reviewing the history of the act we find that section 69 (a) as contained in the original act of 1918 reads as follows:

"Every employer accepting the compensation provisions of this act shall, within thirty days after this act takes effect, file with the Commission in form prescribed by it, and thereafter annually or as often as may be necessary, evidence of his compliance with the provisions of section sixty-eight and all others relating thereto."

Recognizing that no provision for notice of cancellation of insurance policies was contained in the section, the Industrial Commission in the year 1921 made the following report:

"Section 59 (evidently intended for section 69) requires every employer to file with the Commission annually evidence of compliance with the insurance provisions of the statute. No provision is made requiring notice of cancellation to be communicated to the Commission. It is equally important that the facts causing cancellation should be immediately communi-

cated to the Commission as the fact of initial compliance with the act.   We would, therefore, recommend that this section be amended by requiring employers who have cancelled their insurance to at once notify the Commission, giving the date and reasons for such cancellation, and whether new insurance has been taken out.''

Acting upon this recommendation, the General Assembly, at its session of 1922, amended this section by adding thereto the following:

''Every employer that has complied with the foregoing provision and has subsequently cancelled his insurance shall immediately notify the Industrial Commission of such cancellation, the date thereof and the reasons therefor, and every insurance carrier shall in like manner notify the Commission immediately upon the cancellation of any policy issued by it under the provisions of this act.''   Acts, 1922, p. 743.

[2] Since the statute in force on the 15th day of December, 1921, did not require notice it was not incumbent upon the defendant to give it.

[3] Upon the part of the defendant a motion is made to strike from the record the opinion of Commissioner Handy, which has been incorporated therein by the plaintiff. While we are of the view that opinions of the members of the Commission are not a part of the record in the sense that we can look to the same to ascertain their ''findings of fact,'' we see no reason why they should not by proper order be made a part of the record in order to give this court the benefit of the views of the members of the Commission.

[4] We overrule the motion to strike from the record the dissenting opinion.   The majority of the Commission having found as a fact ''that the defendant company at no time had as many as eleven men in its

employment at or prior to the date of the accident here complained of," we are bound by such finding and the judgment of the circuit court of Scott county will be affirmed.

*Affirmed.*