# Richmond

## American Motorists Insurance Co. v. Mrs. Annabelle Summers, et als.

January 15, 1945.

Record No. 2887.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Fred B. Gentry*, for the appellant.

*W. B. Snidow*, for the appellee.

BROWNING, J., delivered the opinion of the court.

Cicero Summers, Jr., a negro man, 28 years of age, was killed on September 13, 1943, in an accident which arose out of and in the course of his employment with the Celanese Corporation of America. The Insurance Carrier for the employer was the American Motorists Insurance Company, which is the appellant here. The average weekly wage of the employee was $24.50.

After the death of the employee two claimants presented claims, as his total dependents. They were Annabelle Summers, the widow, and Cicero Summers, Sr., and Mary Delena Summers, his wife, the father and mother, respectively, of the employee. The conflict between them turns upon the degree of their dependency. The claims were adjudicated by the Industrial Commission which found in favor of Annabelle Summers, the widow, concluding that she was the total dependent.

In the course of its opinion the commission said that the father and mother might be partial dependents, though the degree of dependency was uncertain, inasmuch as this court had held that where there was a total dependent there could not be a partial one so far as being entitled to share in the award.

It is well settled that the finding of fact by the Commission is binding upon this court if it is supported by the evidence.

As we have said, the sole issue is that of dependency. It is a question of fact. While the evidence is conflicting, that, which supports the claim of the widow is an abundant basis for the finding of the Commission.

Counsel for the parents of the deceased employee urged that Cicero Summers, Jr., and his wife, Annabelle, had separated and that at the time of his death she was not his wife. The evidence shows that while their married life was turbulent and disruptive, resulting in physical separation, yet they invariably sought each other and resumed their marital relations. This is by no means unusual. An agreement of separation was introduced. The date of which was in dispute, which would be important if the paper itself were true, but the evidence is quite conclusive that they consorted as husband and wife after the written agreement, despite its date, therefore, as was quite properly said by the Commission, it could have no effect upon the marital status.

The Insurance Carrier contended that there had been an abandonment of the marriage status, by both parties. The Commission properly held that the evidence did not

justify this contention, and that the burden was upon the Insurance Carrier to prove it, which it had failed to do.

The evidence was taken before Deputy Commissioner W. L. Robinson, at Pearisburg, Va., on February 8, 1944. The hearing commissioner, before whom the case came for determination, was the Hon. Parke P. Deans. Application was granted for a review before the full commission which affirmed the findings of fact, theretofore made, and confirmed the award issued.

There is abundant authority from this court for such holding. In the very recent case of *Hubbard* v. *Dan Valley Mills*, 182 Va. 223, 225, 28 S. E. (2d) 723, it was said:

■ "Since the decision of this Court in *National Surety Co.* v. *Rountree*, 152 Va. 150, 159, 147 S. E. 537, it has been the settled rule of law in this Commonwealth that: '(a) Whenever there is a conflict of evidence, the findings of fact based upon a preponderance of the evidence, or upon that evidence deemed by the Commission credible, are conclusive and binding; (b) when there is no conflict of evidence, then, if there be any evidence to support the findings of fact, such findings are conclusive and binding'."

This rule was restated and announced in these cases: *Kelly* v. *Pendleton Const. Co.*, 182 Va. 191, 194, 28 S. E. (2d) 621; *Byrd* v. *Stonega Coke, etc., Co.*, 182 Va. 212, 219, 28 S. E. (2d) 725.

The award of the commission is

*Affirmed.*