COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Haley and Senior Judge Willis


ABDEL KHALIK AL-MASHADANI

MEMORANDUM OPINION[*]

v.       Record No. 0681-09-4                                    PER CURIAM
                                                                SEPTEMBER 8, 2009
COCA COLA ENTERPRISES, INC. AND
 CIGNA FIRE UNDERWRITERS INSURANCE COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Eric S. Wiener, on briefs), for appellant.  Appellant submitting on
briefs.

(Brandi R. Howell; Franklin & Prokopik, P.C., on brief), for
appellees.  Appellees submitting on brief.


Abdel Khalik Al-Mashadani (claimant) appeals a decision of the Workers' Compensation

Commission finding that he failed to establish he suffered a back injury as a result of a March

18, 2006 workplace accident, that he suffered an abdominal contusion rather than a serious

abdominal injury, and that he was not entitled to any wage loss benefits after April 10, 2006

because he failed to market his residual work capacity.  Finding the commission's conclusions

supported by the evidence, we affirm the commission's decision.

BACKGROUND

Claimant worked in a warehouse as a "pallet builder" for Coca Cola Enterprises, Inc.

(employer).  He was responsible for operating a pallet jack.  The pallet jack has a steering

mechanism similar to that of a bicycle.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On March 18, 2006, claimant was operating the pallet jack when the vehicle hit a puddle of water. Claimant lost control of the vehicle, it tipped over, and the steering mechanism struck the right side of his abdomen. Several co-workers witnessed the accident. Appellant immediately notified his supervisor.

On March 21, 2006, claimant visited an emergency care center and was diagnosed with an abdominal contusion and was released to return to work on March 24, 2006. On March 24, 2006, claimant visited Dr. Antonio Usman complaining of an injury to his abdomen and rib cage, and was again diagnosed with an abdominal contusion. Dr. Usman instructed claimant to perform light-duty work from March 24 through April 10, 2006, and return to full-duty work on April 11, 2006. After several additional doctors' visits for pain in the abdomen and pelvis, appellant received a MRI on June 26, 2006. The MRI revealed disc bulges in two areas of claimant's back. Claimant was diagnosed with lumbar degenerative disc disease, lumbar radiculopathy, and lumbar spondylosis.

At a hearing before the commission, employer stipulated that claimant sustained a compensable abdominal injury. The commission found that claimant's medical records did not sufficiently document a back injury and that claimant did not sustain his back injury as a result of the workplace accident. The commission awarded him temporary total disability benefits from March 18, 2006 through March 23, 2006, and temporary partial disability benefits from March 24, 2006 through April 10, 2006. This appeal followed.

II. ANALYSIS

Claimant asserts he sustained abdominal, pelvic, and back injuries when he was struck in his mid-section by the steering mechanism of the pallet jack on March 18, 2006. He contends the commission erred in concluding he failed to establish that his back was injured during the workplace accident. "[T]he commission's determination regarding causation is a finding of

fact." Tex Tech Indus., Inc. v. Ellis, 44 Va. App. 497, 504, 605 S.E.2d 759, 762 (2004). "If there is evidence . . . to support the Commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Credible evidence supports the commission's conclusion that claimant failed to establish that his back injury was caused by the March 18, 2006 workplace accident. At a hearing before the commission, warehouse manager William A. Hester, III, explained that the machine handle on the pallet jack is spring loaded, and returns to a horizontal position when it is released, thus making it impossible for claimant to have been struck in both the abdomen and back by the steering handle. Employee relations manager Cindy Maldonado also testified that when claimant notified her of the accident, he told her he had injured the right side of his abdomen. He did not state that the pallet jack struck him more than once, and he did not report a back injury. At a hearing before the commission, claimant admitted he received no treatment for his back pain prior to June 2006, three months after the accident. Although Drs. Benjamin Kittredge and Abraham Cherrick attributed claimant's back pain to his workplace injury, the commission determined the doctors were given an incomplete and inaccurate medical history, and afforded their opinions little weight. Based upon this evidence, we will not disturb the commission's findings on appeal.

Claimant next contends the commission erred in concluding he suffered an abdominal contusion rather than a serious abdominal injury. The medical records from Inova Emergency Care Center, Dr. Usman of Virginia Medical Acute Care, and internist Dr. Allen Terlinsky classified claimant's injury as an abdominal contusion. Therefore, credible evidence supports the commission's finding of fact that appellant suffered an abdominal contusion rather than a more serious abdominal injury.

Claimant next contends the commission erred in concluding he was not entitled to the entirety of lost wages he incurred. "[A] party seeking workers' compensation bears the burden of proving his disability and the periods of that disability." Marshall Erdman & Assocs. v. Loehr, 24 Va. App. 670, 679, 485 S.E.2d 145, 149-50 (1997).

Claimant was unable to work from March 18 through March 23, 2006. He was released to light-duty work from March 24, 2006 through April 10, 2006 and worked for employer during that time. On May 4, 2006, Dr. Esam Omeish instructed claimant to perform normal activities as tolerated, and on June 30, 2006, that release clarified that claimant could perform his full duties. Because claimant was released to perform full duty work prior to the August 30, 2006 work restrictions issued by Dr. Kittredge, we cannot conclude the commission erred in denying claimant wage benefits from April 11 through August 30, 2006.

Claimant also argues that he had no duty to market his residual work capacity from August 30 through September 15, 2006 because his work restrictions were not solely related to his non-compensable back injury. Although Dr. Kittredge noted appellant's complaints of hip pain in his August 30, 2006 report, Dr. Kittredge did not identify a medical reason for claimant's hip pain, and ordered additional testing. Dr. Kittredge did, however, order steroid injections to address claimant's back pain. From this evidence, the commission concluded that Dr. Kittredge's order for claimant to remain out of work was based upon his assessment of claimant's back injury on August 30, 2006. Because we have previously concluded there is evidence in the record to support the commission's finding of fact that appellant's back injury was not compensable, we further conclude that employer was not required to pay lost wages from September 1 to September 15, 2006, when claimant was unable to work due to his non-compensable back pain.

Finally, claimant argues that he was entitled to wage benefits from September 15, 2006 and continuing. "The determination as to whether an employee seeking temporary partial disability benefits has made a reasonable effort to market his residual work capacity falls within the Commission's fact-finding, and if the Commission's factual conclusion on that question is supported by credible evidence, it will not be disturbed on appeal." Ford Motor Co. v. Favinger, 275 Va. 83, 88, 654 S.E.2d 575, 578 (2008). In his brief, claimant admitted that he understood employer was not going to offer him light-duty work, but he did not attempt to market his residual work capacity by looking for a light-duty position with another employer. As such, the evidence supports the commission's conclusion that claimant failed to market his residual work capacity from September 15, 2006 onward, and is not entitled to wage benefits.

III. CONCLUSION

For these reasons, we affirm the judgment of the commission.

Affirmed.