COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Petty and Alston
Argued at Richmond, Virginia


PLANT PARTNERS AND NATIONWIDE
  AGRIBUSINESS INSURANCE COMPANY
                                                    MEMORANDUM OPINION* BY
v.        Record No. 3102-08-2                      JUDGE ROSSIE D. ALSTON, JR.
                                                       OCTOBER 6, 2009
SHEILA A. PITTMAN


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          Michael P. Del Bueno (Brandon R. Jordan; Whitt & Del Bueno, on
          briefs), for appellant

          Wesley G. Marshall for appellee.


     Plant Partners and Nationwide Agribusiness Insurance Company (collectively,

"employer") appeal a decision of the Workers' Compensation Commission ("commission")

awarding ongoing temporary partial disability benefits to Sheila A. Pittman ("claimant").

Employer argues that the commission erred as a matter of law in awarding the benefits, because

claimant did not make a reasonable effort to market her residual work capacity.[1]  For the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Employer stated three questions in its appeal brief:  (1) Did the commission err as a matter of law in its majority opinion dated December 1, 2008, by finding that the claimant was earning all that she "is able to earn" so as to entitle her to temporary partial disability benefits, under Code § 65.2-502, effective March 31, 2008, when, as of that date, claimant worked only twenty hours per week, earned significantly less than her pre-injury wage, and ceased all efforts to find employment thereafter despite the fact that she did not have any medical restriction on the number of hours per week she was capable of working?; (2) Did the commission err as a matter of law in its majority opinion dated December 1, 2008, by finding that claimant was excused from further marketing upon obtaining on March 31, 2008, a part-time job of approximately twenty hours per week, despite the fact that she did not have any medical restriction on the number of hours per week she was capable of working?; and (3) Does the Supreme Court of Virginia's holding in Ford Motor Co. v. Favinger, 275 Va. 83, 654 S.E.2d 575 (2008), require a

following reasons, we find the commission erred in awarding ongoing temporary disability benefits to claimant. We reverse the commission's ruling and remand the matter for further proceedings consistent with this opinion.

## I. BACKGROUND

As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal. "On appeal, we view the evidence in the light most favorable to [employer], the party prevailing before the commission." Great E. Resort Corp. v. Gordon, 31 Va. App. 608, 610, 525 S.E.2d 55, 56 (2000) (citing R. G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990)). On July 17, 2006, Plant Partners employed claimant as a merchandiser. During one workday, claimant was reaching for a paper towel when an upward-opening cabinet door fell on her right hand, injuring it. Subsequently, claimant underwent two surgeries to treat the injury.

On March 17, 2008, claimant filed an amended claim for benefits seeking compensation for temporary total disability from January 19, 2007, through May 1, 2007, continuing temporary total disability benefits from January 18, 2008, to the present, and payment of lifetime medical costs for the injury.

On May 20, 2008, a deputy commissioner conducted a hearing on the matter. At the hearing, claimant sought various wage loss benefits, including temporary partial disability benefits from March 31, 2008, forward. The evidence before the deputy commissioner indicated

claimant seeking temporary partial disability benefits under the auspices of Code § 65.2-502 to maximize her available earning capacity and earn all that she is "able to earn" by continuing to seek employment, after procuring part-time work, if she does not have any medical restriction on the number of hours per work she is capable of working? Because employer addresses these three questions together, in a single argument in its brief, this Court shall do the same in this opinion.

that Ross Department Store ("Ross") hired claimant as a part-time employee with light duty job responsibilities on March 31, 2008.  At Ross, claimant worked approximately twenty hours per week, and earned $152.05 per week.  Claimant's pre-injury wage at her previous full-time, forty-hour per week employment with Plant Partners was $254.44 per week.  Claimant presented no evidence that she continued to seek alternate or additional employment subsequent to March 31, 2008.

The deputy commissioner awarded claimant ongoing temporary partial disability benefits of $68.26 per week, beginning March 31, 2008.  The deputy commissioner reached this figure after considering claimant's pre- and post-injury wages and evidence of ongoing marketing efforts.[2]

Upon review, the full commission affirmed the deputy commissioner's decision.  In doing so, the commission found that claimant adequately marketed her residual work capacity.  The commission noted that claimant's post-injury wages were greater than her temporary total disability benefits, and posited that the discrepancy created an incentive for claimant to accept offered employment.  The commission further stated,

> In addition, the amount of her new job is not substantially less than her pre-injury job[,] and it was a reasonable job since she is unable to use her right hand in gainful employment. . . . Given her restrictions, we find that she has sufficiently marketed her residual capacity in finding this job [at Ross].

Commissioner Williams dissented from the opinion, finding that claimant had not presented sufficient evidence that she adequately marketed her residual work capacity after obtaining the part-time employment at Ross.  This appeal followed.

---

[2] The deputy commissioner noted, "During the two weeks beginning March 17, 2008, the claimant contacted nine employers and obtained light duty employment.  We find that her efforts were adequate during this two-week period."

II. ANALYSIS

"An award by the Commission is conclusive and binding as to all questions of fact." Ford Motor Co. v. Favinger, 275 Va. 83, 88, 654 S.E.2d 575, 578 (2008) (citing Code § 65.2-706(A); Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999); Stenrich Group v. Jemmott, 251 Va. 186, 192, 467 S.E.2d 795, 798 (1996)). "The determination as to whether an employee seeking temporary partial disability benefits has made a reasonable effort to market [her] residual work capacity falls within the Commission's fact-finding." Id. (citing Wall Street Deli, Inc. v. O'Brien, 32 Va. App. 217, 220-21, 527 S.E.2d 451, 453 (2000)). The commission's factual conclusion on this question will not be disturbed on appeal if it is supported by credible evidence. Wall Street Deli, 32 Va. App. at 220-21, 527 S.E.2d at 453 (citing Ford Motor Co. v. Hunt, 26 Va. App. 231, 239, 494 S.E.2d 152, 156 (1997)). Thus, the commission's factual findings are "conclusive and binding only to the extent that they are predicated upon evidence introduced or appearing in the proceedings." Favinger, 275 Va. at 88, 654 S.E.2d at 578 (quoting Uninsured Employer's Fund v. Gabriel, 272 Va. 659, 664, 636 S.E.2d 408, 411 (2006) (internal quotations omitted)). If the commission's factual findings are not based on credible evidence, the findings are not binding, "'and the question presented becomes one of law.'" Id. (quoting Great Atl. & Pac. Tea Co. v. Robertson, 218 Va. 1051, 1053, 243 S.E.2d 234, 235 (1978)).

Pursuant to Code § 65.2-502(A), an employer is required to pay an injured employee with partial work capacity caused by a work-related injury "a weekly compensation equal to 66 2/3 percent of the difference between [her] average weekly wages before the injury and the average weekly wages which [s]he is able to earn thereafter, but not more than 100 percent of the average weekly wage."

On appeal, employer argues that the Workers' Compensation Act ("Act") required claimant to prove she attempted to fully capture as much of her post-injury earning capacity as possible in order to be entitled to temporary partial disability benefits. The recent Supreme Court of Virginia case, Favinger, 275 Va. 83, 654 S.E.2d 575, supports employer's position and controls our decision in this case. In Favinger, the claimant routinely worked fifty-hour weeks at Ford, and after a compensable work-related injury, he claimed a wage loss for overtime income that he did not receive while performing a post-injury light duty job. Id. at 91, 654 S.E.2d at 579. The Supreme Court held that the claimant in Favinger was required to show he made a reasonable effort to market his residual work capacity, i.e. the additional ten hours of overtime, in order to be entitled to temporary partial disability benefits for the alleged loss of overtime income. Id.

The Court held that an employee claiming temporary partial disability benefits, "'[has] the burden of proving that [s]he [has] made a reasonable effort to procure suitable work but [is] unable to market [her] remaining capacity.'" Id. at 89, 654 S.E.2d at 578 (quoting Wash. Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985)). The claimant in Favinger admitted he had not sought any other employment to compensate for his lost overtime pay. Id. at 90, 654 S.E.2d at 579. Accordingly, the Supreme Court of Virginia found he was not entitled to temporary partial disability benefits. Id. at 91, 654 S.E.2d at 580.

In the instant case, the commission concluded "[g]iven claimant's restrictions, . . . she . . . sufficiently marketed her residual capacity in finding this job" at Ross. This conclusion was erroneous as a matter of law, as claimant failed to present evidence, as required by the Favinger ruling, that she attempted to market her residual work capacity of twenty hours per week after March 31, 2008. See id. at 90, 654 S.E.2d at 579. Further, claimant presented no evidence that available jobs within her capacity would have interfered with the duties of her part-time

employment. See id. at 90-91, 654 S.E.2d at 579. For these reasons, we conclude that the commission's award of temporary partial disability benefits to claimant was '"not predicated upon evidence introduced or appearing in the proceeding.'" See id. at 91, 654 S.E.2d at 580 (quoting Vanzant v. Southern Bending Co., 143 Va. 244, 246, 129 S.E. 268, 268 (1925)).

## III. ATTORNEY'S FEES AND COSTS

Claimant requests an award of attorney's fees and costs pursuant to Code § 65.2-713(A), which grants this Court the authority to assess against employer the costs of these proceedings including "a reasonable attorney's fee," if we determine these "proceedings have been brought, prosecuted, or defended without reasonable grounds." See, e.g., Lowes of Short Pump Virginia v. Campbell, 38 Va. App. 55, 62, 561 S.E.2d 757, 760 (2002) (awarding fees against employer for appealing "without reasonable grounds"). As employer brought this appeal with reasonable grounds, we decline to award claimant attorney's fees and costs.

## IV. CONCLUSION

We conclude that the commission's award of temporary partial disability benefits to claimant was not predicated upon evidence introduced or appearing in the proceeding. We will, therefore, reverse the judgment of the commission, and remand to the commission for the presentation of evidence as to whether claimant made any efforts to market her residual work capacity subsequent to March 31, 2008. Furthermore, we deny claimant's request to award her attorney's fees and costs.

Reversed and remanded.