UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges O'Brien, Russell and Senior Judge Haley

MARK CASE

v.      Record No. 1866-16-4

UNITED PARCEL SERVICE AND
 LIBERTY INSURANCE CORPORATION

MEMORANDUM OPINION* BY
JUDGE JAMES W. HALEY, JR.
APRIL 18, 2017

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> James R. Becker for appellant. Appellant submitting on brief.
>
> Patricia C. Arrighi (PennStuart, on brief), for appellees. Appellees submitting on brief.

Mark Case (claimant) maintains the Workers' Compensation Commission erred in finding: (1) that he did not sufficiently market his residual capacity for work while he was on light-duty status from November 6, 2015 through February 14, 2016, and (2) in *sua sponte* invoking its Rules. We affirm the Commission's rulings.

Claimant had been employed as a truck driver for United Parcel Service (UPS) for over twenty years when he sustained compensable injuries to his left knee on November 5, 2013. The Commission awarded him medical benefits and various periods of temporary total and partial disability. This appeal concerns Case's claim for temporary total disability benefits from November 6, 2015 through February 14, 2016, a defined time frame.

On November 6, 2015, claimant's orthopedic surgeon authorized him to do light-duty work, including some walking and standing, carrying small items, and lifting no more than ten pounds. The doctor prescribed "Advil" for pain. Claimant's surgeon then contacted the

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

insurance carrier to authorize knee replacement surgery for claimant; approval was given on January 4, 2016, and surgery was performed on February 14, 2016. Claimant was awarded temporary total disability benefits of $955 per week after his knee surgery.

After he was placed on light-duty status on November 6, 2015, claimant asked UPS for light-duty work, but was told none was available. He did not look for other employment. As the deputy commissioner found: "Here, not once during the three-month period did the claimant seek employment even within his doctor's restrictions . . . ." Claimant testified at the hearing on April 12, 2016, that he had not looked for other work because he was taking narcotic pain medication that impaired his ability to drive. Claimant testified that even though his doctor had prescribed only "Advil," he was continuing to take the oxycodone he still had from earlier prescriptions because it was more effective in relieving his knee pain. Claimant also testified he had no means of getting to and from a job. He said that his brother took him to medical appointments but could not provide transportation to work and that public transportation was not available. Yet claimant testified that had UPS offered him light-duty work, he would have stopped taking the pain medications that his doctor was no longer prescribing for him and found a ride to the job. Claimant was fifty-two years old. He said he had finished the twelfth grade, had been a car salesman before going to work for UPS, and also had a part-time painting business before he injured his knee in 2013.

The deputy commissioner denied the claim on the basis that the medical evidence did not support a finding of total disability during the time period at issue and that claimant had not made any effort to market his residual capacity while on light-duty status. The full Commission unanimously affirmed the deputy commissioner's opinion.

Under well-established principles, this Court construes the evidence in the record, and all reasonable inferences, in the light most favorable to the employer, as it prevailed below. See

Stillwell v. Lewis Tree Serv., Inc., 47 Va. App. 471, 474, 624 S.E.2d 681, 682 (2006). "Decisions of the commission as to questions of fact, if supported by credible evidence, are conclusive and binding upon this Court." VFP, Inc. v. Shepherd, 39 Va. App. 289, 292, 572 S.E.2d 510, 511 (2002) (quoting WLR Foods v. Cardosa, 26 Va. App. 220, 230, 494 S.E.2d 147, 152 (1997)).

Claimant argues the Commission's ruling is not supported by credible evidence because the Commission failed to consider his remaining work capacity, the effect of the medications he was taking, his lack of transportation, and his unsuccessful request for light-duty work with UPS. The Commission's opinion, however, reflects that these factors were considered and were rejected, as the Commission found claimant "failed to establish sufficient justification to excuse his complete lack of marketing during this period of partial disability." See Ford Motor Co. v. Favinger, 275 Va. 83, 89, 654 S.E.2d 575, 578 (2008) (stating employee "[has] the burden of proving that he [has] made a reasonable effort to procure suitable work but [is] unable to market his remaining work capacity" (quoting Washington Metro. Area Transit Auth. v. Harrison, 228 Va. 598, 601, 324 S.E.2d 654, 656 (1985))); see also McKellar v. Northrop Grumman Shipbldg, Inc., 290 Va. 349, 357, 777 S.E.2d 857, 861 (2015) (Code § 65.2-502, governing cases of partial incapacity, presumes injured employee receiving temporary partial disability benefits is able to continue working on restricted duty or to get another job).

What constitutes a "reasonable effort" by a claimant is determined on a case-by-case basis. Great Atl. & Pac. Tea Co. v. Bateman, 4 Va. App. 459, 467, 359 S.E.2d 98, 102 (1987) (stating that "[w]hat is reasonable in one area, or in one industry, or even in one season might not be reasonable in another"). Factors to be considered include:

> (1) the nature and extent of [the] employee's disability; (2) the employee's training, age, experience, and education; (3) the nature and extent of [the] employee's job search; (4) the employee's intent in conducting his job search; (5) the availability of jobs in

the area suitable for the employee, considering his disability; and
(6) any other matter affecting [the] employee's capacity to find
suitable employment.

Ford Motor Co., 275 Va. at 90, 654 S.E.2d at 579 (citing Nat'l Linen Serv. v. McGuinn, 8

Va. App. 267, 272, 380 S.E.2d 31, 34 (1989) (footnotes omitted)). The significance to be given

to these factors in a particular case is for the Commission to determine. See Nat'l Linen Serv., 8

Va. App. at 272-73, 380 S.E.2d at 34-35.

The record establishes that claimant's doctor had placed him on light-duty status and had

prescribed only "Advil" instead of the narcotic pain medications that claimant continued to take

of his own volition. The medical evidence supported the Commission's finding that claimant

was not totally disabled during the period at issue. Claimant admitted that he had not sought

other employment after UPS told him no light-duty work was available. The evidence thus

established that claimant failed to market his residual capacity, as he was required to do to

receive partial disability benefits. See Ford Motor Co., 275 Va. at 90, 654 S.E.2d at 579; Nat'l

Linen Serv., 8 Va. App. at 272-73, 380 S.E.2d at 34-35.

Claimant asserts the insurer's delay in approving the knee replacement surgery increased

the time period at issue and thus the Commission should have found claimant's failure to market

was excused. See Holly Farms Foods, Inc. v. Carter, 15 Va. App. 29, 42, 422 S.E.2d 165, 171

(1992) (affirming deputy commissioner's finding that requiring employee, who was disabled for

eight days, to seek employment with other employers in order to be eligible for benefits was

"unreasonable"); see also Stevens v. Anheuser Busch Co., Inc., VWC No. 170-15-08, 1995

VA Wrk. Comp. LEXIS 2795 (VA Wrk. Comp. Sept. 25, 1995) (holding employee was entitled

to disability benefits without having marketed his residual capacity, as the period of disability

was less than four weeks, he was undergoing physical therapy during that time, and he returned

to work as expected); Dalton v. Tultex Corp., VWC No. 129-75-99, 1987 VA Wrk. Comp.

LEXIS 98 (VA Wrk. Comp. Oct. 16, 1987) (reversing deputy commissioner's opinion that five weeks was adequate time for employee to have sought other work, as during part of this time, he had his arm in a sling, was receiving daily physical therapy, and saw his doctor weekly). Claimant, however, was on light-duty status for slightly longer than three months. And he did not testify at the 2016 hearing that his impending surgery was a factor in not seeking other employment after UPS declined to give him a sedentary job. Indeed, as noted above, claimant said he would have taken a job with UPS if it had been offered.

Claimant also contends the Commission erred in raising a *sua sponte* objection to claimant's presenting allegedly after-discovered evidence to the full Commission that was not presented to the deputy commissioner. Although the Commission did not specifically identify this information, it appears from the record that this material included a pharmacy record showing claimant was prescribed Tramadol in March 2016 and information regarding the effects of the drug. The Commission noted that it found no basis for considering evidence that had not been presented at the hearing before the deputy commissioner and that the proffered evidence, if considered, would not have resulted in a different outcome in the case.

Rule 3.3 of the Rules of the Virginia Workers' Compensation Commission provides that the Commission will consider additional evidence presented after a hearing has been held only when the evidence is "absolutely necessary and advisable" and conforms to the same rules for introducing after-discovered evidence as are used by trial courts in the Commonwealth. The Commission has the authority to interpret and enforce its rules. See Arellano v. Pam E. K's Donuts Shop, 26 Va. App. 478, 482-83, 495 S.E.2d 519, 521 (1998). When challenged on appeal, the Commission's interpretation of its rules "will be accorded great deference and will not be set aside unless arbitrary or capricious." Estate of Kiser v. Pulaski Furniture Co., 41

Va. App. 293, 299, 548 S.E.2d 464, 467 (2003) (quoting Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 129 n.2, 510 S.E.2d 255, 260 n.2 (1999)).

The requirements for admitting after-discovered evidence are that the evidence must have been discovered after the hearing, could not have been discovered before the hearing by the exercise of due diligence, must not be cumulative, corroborative, or collateral, and must be of such a character as to produce a different result. See Williams v. People's Life Ins. Co., 19 Va. App. 530, 532, 452 S.E.2d 881, 883 (1995). None of the proffered evidence meets these requirements. For example, evidence that he was taking narcotic drugs was presented at the hearing before the deputy commissioner. Evidence that claimant was taking Tramadol was cumulative, and claimant has not shown that this evidence could not have been discovered before the hearing. More importantly, the pharmacy record claimant submitted shows he was prescribed Tramadol in March 2016, which was not within the time period at issue. Thus the evidence was not relevant or material. There is no basis on which to find the additional evidence, if considered, would have resulted in a different outcome; in fact, the Commission expressly found that the evidence, if considered, would not have altered the outcome. Accordingly, we find the Commission did not err in declining to consider claimant's additional evidence. See Georgia Pacific Corp. v. Dancy, 24 Va. App. 430, 438-40, 482 S.E.2d 867, 872 (1997) (holding Commission did not err in not allowing consideration of letter from claimant's doctor that was submitted after the hearing, as letter could have been obtained before the hearing and did not contain any new medical information), aff'd, 255 Va. 248, 497 S.E.2d 133 (1998); Williams, 19 Va. App. at 533, 452 S.E.2d at 883 (holding Commission did not err in refusing to reopen hearing to allow claimant to present additional medical evidence); cf. Kiser, 41 Va. App. at 298-99, 548 S.E.2d at 467 (holding Commission properly accepted testimony from witness

whose first-hand knowledge of employee's injury was discovered after hearing was held but while record was open for additional medical evidence).

Affirmed.
