COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Huff, AtLee and Athey
Argued by videoconference


LOUDOUN COUNTY PUBLIC SCHOOLS AND
 PMA MANAGEMENT CORPORATION
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0870-20-4                      JUDGE GLEN A. HUFF
                                                    JANUARY 12, 2021
MIRIAN HERNANDEZ


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

        J. David Griffin (Winchester Law Group, P.C., on brief), for
        appellants.

        Krista DeSmyter (Casey Duchesne; ChasenBoscolo Injury
        Lawyers, on brief), for appellee.


        Loudoun County Public Schools and its insurer (collectively, "employer") appeal from

the decision of the Workers' Compensation Commission (the "Commission") that awarded

Mirian Hernandez ("claimant") temporary total disability benefits.  Employer contends the

Commission erred in finding that claimant's disability is causally related to her workplace

accident and that claimant adequately marketed her residual work capacity.  Because both of the

Commission's findings are supported by credible evidence in the record, this Court affirms.

                                    I.  BACKGROUND

        "Under settled principles of appellate review, we consider the evidence in the light most

favorable to [claimant] as the prevailing party before the commission."  Layne v. Crist Elec.

Contractor, Inc., 64 Va. App. 342, 345 (2015).  So viewed, the evidence shows the following:

———————————

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Claimant worked as a custodian for employer. She suffered a compensable neck strain, left shoulder strain, and right shoulder strain as a result of a workplace accident on February 3, 2017. By agreement, the Commission entered a stipulated order awarding claimant a lifetime medical award for those injuries as well as a period of temporary total disability benefits from October 30, 2018, through May 27, 2019.

Shortly after her injury, claimant began treating with Dr. Stephanie Clop. Dr. Clop diagnosed claimant with cervical/thoracic myofascial pain involving the upper trapezius, rhomboid, serratus and teres minor as a result of her workplace injury. Claimant continued to experience significant pain in her shoulders and neck and continued treating with Dr. Clop throughout 2018 and 2019. On May 22, 2019, Dr. Clop prescribed "work hardening" and issued a set of work restrictions for claimant:

> Recommended return to work max lifting, push, pull 25 lb., no
> weed whacking, to include no using floor buffer/stripper machine,
> no pushing lawn mower. Will reevaluate in 6 weeks to see if able
> to increase work status to full duty.

On May 27, 2019, claimant returned to work for employer in a light-duty capacity.

Claimant returned for an appointment with Dr. Clop on June 19, 2019. Claimant noted significant and increasing pain as a result of her return to work. Claimant stated that she was "unabl[e] to do continuous vacuuming, sweeping, [and that] any activity that requires strength increases her pain." Dr. Clop maintained the same diagnoses from claimant's earlier injury. Dr. Clop also continued to opine that her ongoing pain was causally related to the February 2017 accident. In addition to the existing work restrictions, Dr. Clop instructed claimant to avoid any repetitive forward flexion and extension of her shoulder with more than twenty-five pounds of force.

Due to increased pain, claimant only continued her employment with employer for four weeks. Additional follow-up appointments with Dr. Clop in July and August yielded similar

results. At each, claimant presented with significant bilateral shoulder pain. At both appointments, Dr. Clop maintained the same diagnosis of claimant's injury and same general work restrictions. Following an October 30, 2019 appointment, Dr. Clop opined that claimant had reached maximum medical improvement from her injuries and that her continuing pain was a result of the February 3, 2017 injury.

At the request of employer, claimant was examined by Dr. Kevin Fitzpatrick on November 22, 2019. Dr. Fitzpatrick noted that claimant suffered from "fairly mild structural abnormalities . . . and very mild degenerative changes." He opined that claimant's complaints of pain did not appear to match the extent of her physical injuries. Dr. Fitzpatrick opined that "[t]here are no objective findings that would preclude [claimant] from returning to her prior job" and that her limitations are "exclusively related to subjective symptoms."

Claimant attempted to find other work. Claimant is an El Salvadorian immigrant who is currently afforded temporary protective status by the federal government. She has a high school education and "speaks some English and reads and writes English, 'but not perfectly.'" She does not have a home computer, but she does own a smart phone.

Claimant looked for employment in-person. She went to various businesses and asked about employment that would comply with her physical restrictions, such as cashier, hostess, receptionist, or beauty shop assistant positions. She also applied for a front desk job with employer. In total, claimant documented eighty-eight job contacts from the period of June 24 to November 15, 2019—an average of slightly more than four per week. However, claimant did not register with the Virginia Employment Commission ("VEC"). Nor did claimant utilize the internet or newspaper to find advertised job openings.

On August 8, 2019, claimant filed for temporary total disability benefits beginning on June 20, 2019. Employer defended on the grounds that claimant failed to establish a causal

connection between her current injuries and the February 3, 2017 workplace accident and that claimant failed to adequately market her residual work capacity. Deputy Commissioner Kennard found that claimant satisfied her burden of proof and awarded benefits. On review, the Commission unanimously affirmed. This appeal followed.

## II. STANDART OF REVIEW

Factual findings of the Commission are binding if supported by credible evidence in the record. Wagner Enterprises, Inc. v. Brooks, 12 Va. App. 890, 894 (1991). In determining whether credible evidence exists, this Court will not "retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." Id. Furthermore, "[t]he fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." Id.

## III. ANALYSIS

Employer contends that claimant's current disability is not causally related to her February 2017 workplace accident. Employer also argues that claimant failed to adequately market her residual work capacity. Furthermore, employer contends that the Commission "erred in not following its own procedures regarding marketing and discovery." This Court disagrees.

### A. Causation

Employer first contends that claimant's current disability is not causally related to her February 2017 workplace accident. Employer avers that none of the medical opinions are able to pinpoint an objective cause of claimant's continuing bilateral shoulder pain. Therefore, employer argues, claimant failed to prove the necessary causal relationship between her current disability and her workplace accident.

The Commission's determination regarding causation is a finding of fact. Tex Tech Industries, Inc. v. Ellis, 44 Va. App. 497, 504 (2004). "A finding of causation need not be based

- 4 -

exclusively on medical evidence, and *a claimant is not required to produce a physician's medical opinion in order to establish causation*." Id. (citing Dollar Gen'l Store v. Cridlin, 22 Va. App. 171, 176-77 (1996)). Causation may be proven by direct or circumstantial evidence, including by either medical evidence or testimony of the claimant. Id.

Claimant suffered a compensable neck strain, left shoulder strain, and right shoulder strain as a result of a workplace injury by accident on February 3, 2017. Since that injury, claimant has seen a number of physicians and repeatedly complained of significant bilateral shoulder pain. Most significantly, claimant had continued to see Dr. Clop for ongoing treatment. On October 30, 2019, Dr. Clop opined that claimant had reached maximum medical improvement and that her continuing bilateral shoulder pain resulted from her prior injury.

Furthermore, claimant testified regarding the extent of her injuries. She noted that she has had continuing bilateral shoulder pain since her injury in February 2017. While that pain has never abated, she testified that it was significantly exacerbated when she attempted to return to her job with employer, even in a light-duty capacity. Claimant explained that, in addition to worsening pain, she also experienced reduced strength in her arms and a general inability to complete even her restricted, light-duty work requirements.

This evidence is sufficient to sustain the Commission's finding that claimant's injury is causally related to her workplace accident. That employer introduced contrary evidence is of no import because this Court does not reweigh the evidence on appeal. See Wagner Enterprises, 12 Va. App. at 894.

### B. Adequacy of Marketing

Employer argues that the Commission erred in two respects in finding that claimant met her burden of proving that she adequately marketed her residual work capacity. First, employer contends that the Commission violated its own rules and procedures regarding the number of

weekly job contacts required.[1]  Second, employer challenges the sufficiency of the evidence that

claimant adequately marketed her residual work capacity.  Both arguments are without merit.

To receive continued workers' compensation benefits, a claimant is required to prove that

they have made a "reasonable effort" to market their residual work capacity.  Nat'l Linen Serv.

v. McGuinn, 8 Va. App. 267, 269 (1989).

> [I]n deciding whether a partially disabled employee has made
> reasonable effort to find suitable employment commensurate with
> his abilities, the commission should consider such factors as:
> (1) the nature and extent of employee's disability; (2) the
> employee's training, age, experience, and education; (3) the nature
> and extent of employee's job search; (4) the employee's intent in
> conducting his job search; (5) the availability of jobs in the area
> suitable for the employee, considering his disability; and (6) any
> other matter affecting employee's capacity to find suitable
> employment.

Id. at 272.  The Commission's determination of whether a claimant has adequately marketed

their residual work capacity is a finding of fact.  Ford Motor Co. v. Favinger, 275 Va. 83, 88

(2008).

Here, claimant has a significant disability that limits her ability to do physical tasks as

simple as vacuuming.  She has limited job training and only a high school education.  That

limitation is further compounded by the fact that she is an immigrant with temporary protected

status.  Claimant has limited abilities with the English language.  She has no home computer to

utilize in her job search.  Nonetheless, claimant reported eighty-eight job contacts between June

24 and November 15, 2019, an average of more than four per week.

---

[1] In its assignment of error, employer also contends that the Commission erred in considering one page of claimant's job contact history form that employer contends was not properly disclosed during discovery.  That issue is briefly noted in employer's statement of facts.  However, employer does not pursue that argument at any point in its analysis of the merits of this case.  Therefore, employer has abandoned that argument and this Court declines to address it.

Given these circumstances, this Court cannot say that there is no credible evidence to support the Commission's finding that claimant adequately marketed her residual work capacity. It is true that claimant did not register with the VEC or utilize the newspaper or internet to search job postings. However, there is no statutory requirement that she do so in order to be eligible for workers' compensation benefits. Furthermore, the existence of contrary evidence is "of no consequence" when credible evidence supports the Commission's finding. Wagner Enterprises, 12 Va. App. at 894.

Employer's contention that the Commission failed to apply its own procedures is equally unpersuasive. As employer notes, the Commission has propagated guidelines on looking for light-duty work. These guidelines recommend that claimants register with VEC and apply for five jobs per week, on average. Employer contends that the Commission erred by finding that claimant adequately marketed her residual work capacity when she failed to meet the requirements of these guidelines.

However, the guidelines on looking for light-duty work are exactly what they purport to be: guidelines. They are not a set of mandatory requirements that are dispositive in any claim. Indeed, the mandatory application of one-size-fits-all guidelines that employer suggests the Commission was bound to do would plainly violate the requirements of McGuinn. Under that case, the determination of whether a claimant has adequately marketed their residual work capacity relies on the totality of the circumstances surrounding that claimant's specific disability, training, education, abilities, effort and intent in their job search, as well as the relative availability of work in the area. McGuinn, 8 Va. App. at 272.

In sum, the Commission properly considered the entire breadth of applicable factors in this case and found that claimant adequately marketed her residual work capacity. Because that finding is supported by credible evidence, it is binding on this Court.

## IV.  CONCLUSION

The Commission's findings that claimant's disability is causally related to her workplace injury by accident and that claimant adequately marketed her residual work capacity are both supported by credible evidence in the record.  Therefore, this Court affirms the judgment of the Commission.

<u>Affirmed.</u>